BRYANT v. THE STATE.

CRIMINAL PRACTICE: *Indictment*: *Verdict*.
   A defendant can not be convicted of a battery under an indictment which does not charge a battery.

SAME: *Conviction of lower offence than charged*.
   Under an indictment for an assault with a deadly weapon, with intent to inflict upon the person of another a bodily injury, etc., the accused may be convicted of a simple assault.

APPEAL from *Dorsey* Circuit Court.

Hon. J. M. BRADLEY, J.

*C. B. Moore*, Attorney General, for the State.

Without confessing error, we submit this case for the consideration of the court.

*Cameron v. State, 13 Ark., 712*, seems to be "in the teeth" of the court's instruction on its own motion, to say nothing of the refused instructions.

ENGLISH, C. J.   George Bryant was indicted in the circuit court of Dorsey county for an aggravated assault, under *section 1298 of Gantt's Digest*.

The indictment alleged that said Bryant, in the county of Dorsey, on the eighteenth day of June, 1882, did unlawfully make an assault with a deadly weapon, to-wit: One large pocket knife, in and upon one J. R. Price, with the

intent to inflict upon the person of him, the said J. R. Price, a great bodily injury, without considerable provocation, and when all the circumstances showed that he, the said George Bryant, had a wicked and abandoned disposition, etc.

The defendant was tried on plea of not guilty, the jury found him guilty, and imposed a fine of fifty dollars upon him, which is the lowest fine prescribed by the statute under which he was indicted for the offence charged in the indictment. He was refused a new trial, took a bill of exceptions, and appealed.

I.   We cannot suppose his honor, the trial judge, signed this bill of exceptions as it is made up in the transcript in this case. It is elementary law, that the office of a bill of exceptions is to bring into the record matters which otherwise would not be part of it. The clerk has copied into the bill of exceptions, as it appears in the transcript, the record entries of the trial, verdict, judgment, prayer for and grant of appeal, and other entries which are part of the record, and should not be transcribed into the bill of exceptions. The evidence introduced upon the trial, the instructions given or refused by the court, exceptions taken to the rulings of the court upon them, the motion for a new trial, and the exceptions to the decision in overruling it, were properly put into the bill of exceptions, and thereby made part of the record.

II.   One of the grounds of the motion for a new trial was that the verdict was contrary to law and evidence.

The bill of exceptions, which purports to set out all the evidence introduced on the trial, fails to show that it was proved that the offence was committed in Dorsey county as alleged in the indictment.

It may be stated briefly that it was proved that in June, 1882, a company of men were on the Moro Creek bathing, and among them appellant, Bryant, and Price, the person

Bryant v. The State.

alleged to have been assaulted. Bryant and Price quar--
reled and fought, Bryant using a knife, and Price a stick,
as to the size of which the witnesses differed widely, as they
did as to other particulars of the quarrel and fight. During
the fight, Bryant struck at Price several times with the
knife and finally cut and disabled him. As to whether
appellant, upon the whole of the evidence, should have been
convicted of aggravated assault, as charged, or a common
assault, or acquitted as having used the knife in necessary
self-defense, we will express no opinion, as the case will
have to be remanded for a new trial.

III. The attorney for the state moved eight instructions,
to none of which appellant appears to have objected, but
the court, of its own motion, refused the first, second,
seventh and eighth, to the refusal of which appellant
excepted, and made their refusal ground of the motion for
a new trial.

The state is not appealing, and hence not complaining of
the refusal of these instructions, and it is not the usual
practice for the defendant to make the refusal of instruc-
tions asked by the state ground of his motion for a new
trial. He may offer the same, or similar instructions him-
self, and except to the decision of the court refusing them.

We have no objections, however, to noticing the series
of instructions moved by the state.

The 1st defined a simple assault in the language of the
statute, and stated the punishment fixed by the statute.
*Gantt's Digest, secs. 1294–1296.*

The 2d defined, in the language of the statute, an assault
and battery, and its punishment. *Ib., secs. 1295–1297.*

The 3d defined an assault with a deadly weapon, with
intent to inflict upon the person of another a bodily injury,
substantially in the language of the statute under which the
indictment was drafted; and the 5th stated the punishment
prescribed by the statute for that offence. *Ib., 1298.*

40–R

The 4th was, in substance, that the jury were the sole judges of the evidence, and the weight to be given to the testimony of the witnesses, and of their credibility, etc.

The 6th related to the law of self-defense, and the use of the knife by defendant.

The 7th indicated the form of the verdict if the jury found the defendant guilty of a simple assault, and the 8th the form of the verdict if they found him guilty of an assault and battery.

The series of instructions fairly presents the law applicable to the various phases of the conflicting evidence, except in this: Appellant could not properly have been convicted of an assault and *battery* under the indictment, because it alleges no battery. See *Sweeden v. State, 19 Ark., 205.*

IV. The court, of its own motion, and against the objection of appellant, instructed the jury, "that the defendant could not be convicted under the testimony of a lower grade of offence than the one charged in the indictment;" and the giving of this instruction was made ground of the motion for a new trial.

Indictment for assault; no verdict for battery. Under an indictment for an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury, etc., the accused may be convicted of a simple assault. *Cameron v. State, 13 Ark., 712; Sweeden v. State, 19 Ib., 212.* The higher offence charged in the indictment includes the lower.

Whether, upon the conflicting evidence, appellant was guilty of the higher or lower grade of assault, was a question of fact for the jury, and not of law for the court.

V. Appellant asked five inaccurately formulated instructions, relating to the law of self-defense, essential evidence on the part of the state, doubts, etc., all of which the court refused except the third. We deem it of no importance to set out and comment upon the instructions refused, as they involve no novel question.

The judgment must be reversed, and the cause remanded for a new trial.