[No. 515.   August 24, 1893.]

# PETRONILO CHACON, APPELLANT, v. TERRITORY OF NEW MEXICO, APPELLEE.

CRIMINAL LAW—INDICTMENT FOR FELONIOUS ASSAULT—CONVICTION OF ASSAULT AND BATTERY.—A person indicted for a felonious assault with a pistol may be convicted of a simple assault and battery with such weapon, the former offense necessarily including the latter, which has all the elements of the former offense at common law found therein.

ID.—ARGUMENTS OF COUNSEL—ABUSE OF PRIVILEGE.—On a prosecution, on indictment, for a felonious assault, where it was in evidence that the defendant, a deputy sheriff, unnecessarily assaulted the prosecuting witness, and called him by an opprobrious name, because he found him at work on land of which defendant claimed the exclusive possession, but it appeared the witness was sent there by an adverse claimant, it was not an abuse of privilege on the part of the prosecuting attorney to say, in addressing the jury, "the defendant was a deputy sheriff, and because he was a deputy sheriff he thought he was a big man, and he had a right to bulldoze and override and tyrannize over all the people in the Mimbres valley; and because he was a deputy sheriff he beat up this man without any cause whatever;" and the court properly refused to take these remarks from the consideration of the jury. The trial court has peculiar advantages for observing the propriety or impropriety of the arguments of counsel, and its discretion, when invoked, should not be interfered with, unless for obvious or probable injury.

ID.—FELONIOUS ASSAULT—USE OF DEADLY WEAPON—GIST OF OFFENSE. It was not necessary, on such prosecution, to prove the deadly character of the weapon used, section 8, chapter 30, Laws, 1887, expressly declaring a pistol to be a deadly weapon. In all such prosecutions the gist of the offense charged is not the deadly character of the weapon, but the assault to do bodily harm; and the character of the weapon used goes only in aggravation of the offense.

APPEAL, from a judgment convicting the defendant of a simple assault and battery, from the Third Judicial District Court, Grant County. Affirmed.

The facts are stated in the opinion of the court.

JAMES S. FIELDER for appellant.

"The indictment under a statute prohibiting assault with a dangerous or deadly weapon, should not only aver the weapon to be dangerous or deadly, but should specify it." 1 Am. and Eng. Encyclopedia of Law, 813.

"Where an assault is charged to have been committed with a deadly weapon, the character of the weapon must be averred." State v. Russell, 91 N. C. 624; Slusser v. State, 71 Ind. 280. See, also, Walker v. State, 73 Ala. 17; Ballad v. State, 13 S. W. Rep. (Tex. App.) 674; State v. Schloss, 12 West, 225; 93 Mo. 361; 6 S. W. Rep. 244.

In the case of Bryant v. State, 41 Ark. 359, where it was held that "under an indictment for an assault with a deadly weapon, with the intent to inflict upon the person of another a bodily injury, etc., the accused may be convicted of a simple assault," and in one or two other cases to the same effect, the gist of the crime alleged is the assault and the intention of the party assaulting; so that a conviction may be had of a simple assault, as the one is but the other in a higher or lesser degree.

The general rule is that the instructions must be confined to the crime laid in the indictment. If they are found to have a tendency to mislead, the judgment will be reversed because they were given, although they are correct as abstract propositions of law. 2 Thomp. on Trials, sec. 2315.

Any statement made by counsel in addressing the jury, which is not sustained by the evidence, or is at least a reasonable implication from the evidence, is reversible error. 1 Rice, Ev. 129-134, and cases cited. Brown v. Swimford, 44 Wis. 282; Tucker v. Henniker, 41 N. H. 325.

"Undignified and uncalled for personal abuse by counsel in argument, of the accused, or of witnesses, or of jurors, calculated to inflame the passion of the jury, and to materially prejudice the accused in the trial, is sufficient to call for a reversal." Basset v. State, 101 Ind. 85; Befford v. Penny, 58 Mich. 424; State v. Williams, 65 N. C. 505; State v. Smith, 75 Id. 306; State v. Nolan, 85 Id. 576; Ricks v. State, 19 Tex. App. 308; Stone v. State, 22 Id. 185. See, also, Brown v. State, 103 Ind. 133, 1 West. Rep. 180; People v. Dane, 59 Mich. 550.

For language held to be ground of reversal, see Martin v. State, 63 Miss. 505; 56 Am. Rep. 813; Perkins v. Burley, 6 New Eng. Rep. 817, 64 N. H. 524; Cable v. Cable, 79 N. C. 589, 28 Am. Rep. 338.

EDWARD L. BARTLETT, solicitor general, for the territory.

The larger crime includes the less, and, under an indictment for the larger, a conviction for any smaller crime or offense, which is a part of, and necessarily included within, the larger, is good, and will be sustained. Givens v. State, 6 Tex. 344; State v. Coy, 2 Aikens (Vt.), 181; Prinderville v. People, 42 Ill. 217; Mills v. State, 52 Ind. 194; State v. Fisher, 103 Ind. 530.

It can and does make no difference whether the larger crime is statutory or common law, providing only that the perpetration of it involves and necessitates the commission of the smaller crime. State v. Bryant, 41 Ark. 359. See, also, State v. Fisher, supra.

A pistol is made a deadly weapon by the very act under which the appellant was indicted and convicted, and it was not necessary for the territory to make any proof as to that. Laws, N. M. 1887, ch. 30, sec. 8.

The case of Bryant v. State, supra, is exactly in point. In that case the defendant was indicted for an

assault with a deadly weapon and convicted of a simple assault. The Arkansas statute differs from the New Mexico statute only in this, that it requires the allegation in the indictment of the intent. The New Mexico statute does not. The intent is implied from the commission of the act charged. 1 Am. and Eng. Encyclopedia of Law, pp. 788, 789.

The conduct and management of the argument upon the trial of either a civil or criminal prosecution is largely within the discretion of the trial court, and it is only when some abuse of this discretion is shown, to the probable injury of the party, that an appellate court will interfere. Territory v. O'Donnell, 4 N. M. (Gil.) 210; Pettit v. The People, 9 Pac. Rep. 622, and note; State v. Hamilton, 55 Mo. 520; Combs v. State, 75 Ind. 215; People v. Requsted, 90 Mich. 371, 51 N. W. Rep. 519; People v. Hall, 94 Cal. 595; Dale v. State, 15 S. E. Rep. (Ga.) 287; Spahn v. People, 21 N. E. Rep. (Ill.) 688; Tweedle v. State, 16 S. W. Rep. 544; 29 Tex. App. 278; Wetherbee v. State, 15 S. W. Rep., 29 Tex. App. 278; State v. Elvins, 101 Mo. 243; Epps v. State, 102 Ind. 539; Anderson v. State, 104 Id. 467.

Some of the cases cited by appellant were reversed on other grounds than those of misconduct of the prosecuting attorney, and almost without exception they state the general law as claimed by the appellee. Jenkins, Adm'x, v. N. C. Ore Dressing Co., 65 N. C. 563; State v. Nolan, 85 N. C. 576.

O'BRIEN, C. J.—At the April term, 1892, of the Grant county district court, Petronilo Chacon was indicted and tried for a felonious assault with a loaded pistol upon one Geronimo Portillo. The verdict was, guilty of a simple assault and battery. From the judgment entered upon the verdict, the defendant has appealed to this court.

The chief reasons assigned for reversal are: (1) Convicting defendant of a simple assault and battery

upon an indictment charging him with an assault with a deadly weapon; (2) improper and abusive language used by the prosecuting attorney in his address to the jury; (3) errors committed by the court in the reception and rejection of evidence, and in giving and refusing certain instructions to the jury.

The indictment was, perhaps, drawn under section 3, chapter 30, Laws, 1887. That section reads: "Any person who shall unlawfully assault INDICTMENT for or strike at another with a deadly weapon, felonious as- sault: convic- tion of assault upon conviction thereof, shall be pun- and battery. ished by fine not exceeding one thousand dollars, or by imprisonment at hard labor in the county jail or territorial penitentiary, not exceeding three years, in the discretion of the court or jury trying the same."

Section 21, chapter 17, Laws, 1889, provides: "Every person convicted of the offense of assault and battery shall be punished by a fine of not less than five dollars," etc., and section 22 of the same chapter reads: "Every person who, in a rude, insolent, or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery." The indictment charges "that Petronilo Chacon * * * did with a certain pistol loaded with powder and ball * * * unlawfully and feloniously make an assault on one Geronimo Portillo, and at and against the said Portillo unlawfully and feloniously discharged said pistol," thereby grievously wounding him upon the head with the bullet shot from the pistol. It appears to us that the aggravated assault so charged necessarily includes a common law assault and battery. We fail to see much force or reason in appellant's contention that there is a marked difference between a felonious assault with a deadly weapon and an assault committed with intent to murder, maim, or do great bodily harm with such weapon. The fair test in a case of this kind ought to be, in our opinion: Is the

crime of which defendant was convicted necessarily included in the crime charged? We hold that it is, and, while the statutory assault and battery above defined may not be included in the charge contained in the indictment, all the elements of such offense at common law are found therein. The two forms coexist in this territory. It is not important that the greater offense charged be statutory or common law, provided it necessarily includes the crime of which defendant has been found guilty. Bryant v. State, 41 Ark. 359.

Appellant complains that the harsh and offensive language used by one of the attorneys for the prosecution in addressing the trial jury as to the character of the defendant, and to which he objected at the time, was manifestly prejudicial to his rights, and should secure a reversal. These are the objectionable words: "Gentlemen of the jury, the defendant was a deputy sheriff, and because he was a deputy sheriff he thought he was a big man, and had a right to bulldoze and override and tyrannize over all the people in the Mimbres valley; and because he was a deputy sheriff he beat up this man without any cause whatever." Defendant's counsel promptly excepted to the use of such language, and the court was requested to take it from the consideration of the jury, which the court refused to do. The court was not in error in refusing to grant the request. The undisputed facts in the case show that the defendant treated Portillo during the trouble like an underling or peon. After the assault he had him taken as a criminal, without warrant, before a justice of the peace, where he was honorably discharged. He had previously unnecessarily assaulted and called him a very opprobrious name, simply because he found him working upon a piece of land the exclusive possession of which defendant claimed; but it is evident that

Arguments of counsel: abuse of privilege.

Portillo was sent there to work by an adverse claimant, and it was, to say the least, rather domineering for defendant to drive him from his work with insult and violence. Counsel, in addressing a jury, when arguing within the boundary of admitted or disputed facts, should enjoy the greatest latitude consistent with decorum and a reasonable ambition to win success by honorable means. We can not see, in the light of the record, that the zealous assistant prosecutor in his remarks overstepped the limit of laudable advocacy. If the evidence showed, as it did, that the defendant was at the time a deputy sheriff, and acted in an arbitrary and insulting manner toward the complainant, we fail to see any impropriety in counsel exhibiting to the jury the character of the accused in its true light as revealed by the evidence. If this proves distasteful, the best way to prevent is not to deserve it. The trial court enjoys peculiar facilities for observing the propriety or impropriety of forensic arguments, and its discretion, when invoked, should rarely be interfered with, in the absence of obvious or probable injury.

The other errors assigned by appellant are chiefly based upon the assumption that evidence of the com-

FELONIOUS assault: use of deadly weapon: gist of action.

mission of a mere assault and battery was not admissible under the indictment, and that the court misstated the law to the jury as to the nature of the crime charged, the weapon used, and the right to convict of an assault and battery if warranted by the proof in case the felonious assault charged had not been fully established. We have examined the authorities cited by counsel for appellant in his able brief; but few, if any, of them sustain his contention. The decisions apparently in conflict with the views herein expressed are really not so, as they are generally based upon a classification of criminal offenses different from ours. The assertions, for instance, that the deadly character of the weapon must

be proved, and that such deadly character of the weapon is the gist of the offense, are not tenable, at least in this territory. Section 8, chapter 30, Laws, 1887, expressly declares a pistol to be a deadly weapon; hence it can not be necessary to prove what the law admits. The gist of the offense charged is not the deadly character of the weapon, but the assault, or the violent attempt to do the physical harm; and the weapon used, whether deadly or otherwise, only goes in aggravation. In closing it may be said that in our opinion this defendant ought to consider himself fortunate in escaping a conviction of the more serious crime charged in the indictment. The evidence was very strong, and the jury correspondingly weak in their desire to temper justice with mercy. The judgment is affirmed.

FALL, FREEMAN, SEEDS, and LEE, JJ., concur.