613 P.2d 418

**John DOE, a child, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 12911.**

Supreme Court of New Mexico.

July 8, 1980.

Whitney Johnson, Santa Fe, for petitioner.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Chief Justice.

This case comes to this Court from the Court of Appeals by writ of certiorari. The issue we decide is whether there was sufficient evidence to corroborate an extra-judicial confession by a minor relied upon for a conviction in Children's Court. We decide that there was not, and reverse the Court of Appeals.

The following facts were brought out at trial. A police officer, while answering a complaint of juveniles drinking, found four juveniles in possession of liquor at the parking lot of an Albertson's grocery store. As the officer questioned the juveniles, Doe walked up to the area. The officer asked him to join the others with their hands against the wall. The officer then told Doe that the others were going to jail. Another

officer who had arrived at the scene told Doe that the others had accused him of stealing the liquor. Doe confessed to stealing the liquor. This evidence was based upon the trial testimony of the officers. The four other juveniles did not testify. The only other witness called was a store clerk employed by Albertson's. He testified that the bottles were from Albertson's and that Doe had not purchased any liquor from him that day. He also testified that he had no knowledge of any shoplifting except through police allegations. At the end of all testimony, Doe moved for a dismissal on the grounds that there was no evidence to corroborate the confession, nor any evidence to establish the corpus delicti.

▆ Doe argues on appeal that the confession is lacking the corroboration required to admit it into evidence under Section 32–1–27(C)(3), N.M.S.A.1978 of the Children's Code:

C. In a proceeding on a petition alleging delinquency or need of supervision:

.    .    .    .    .

(3) an extra-judicial admission or confession made by the child out of court is insufficient to support a finding that the child committed the acts alleged in the petition unless it is corroborated by other evidence.

The evidence claimed to be corroborative by the State consists of: (1) the testimony of one officer that he talked to the four other juveniles, and that he took Doe into custody because of what they told him; and (2) the testimony of the other officer that:

I went over and told him that all the other guys had said that he was the one that had stolen the whiskey from the store and that they were charged with the receiving of it. And at that time he told me, "yeah, I did it."

This testimony is evidence only of what the officer told Doe; there is no evidence that the officer was in fact told by the juveniles that Doe had stolen any liquor. The testimony was not offered for the truth of the assertion that the other juveniles had told the officer that Doe had stolen the liquor.

The amount of corroboration necessary to support a confession was set out in *State v. Paris*, 76 N.M. 291, 414 P.2d 512 (1966), as quoted from *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954):

"It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth."

76 N.M. at 295, 414 P.2d at 515 (emphasis of *Paris* Court deleted).

We are of the opinion that the corroborating evidence is not sufficient to establish the reliability of the confession in light of the circumstances of this case. The essential fact admitted was that Doe stole the liquor. There is no corroborating evidence supporting that fact. There is nothing whatsoever connecting Doe to the liquor from which even an inference could be drawn that he stole it.

▆ Without the confession, the corpus delicti was not established in this case. The corpus delicti of a crime requires proof that the crime was committed. *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied*, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). The State showed only that: (1) liquor identified as coming from Albertson's was found in proximity to Albertson's, (2) Doe did not purchase any liquor from the store clerk on the day of the alleged shoplifting, and (3) Doe was in the area where the liquor was found. There was no evidence, absent the confession, that Doe ever possessed or concealed the liquor. Nor was there any evidence, absent the confession, that a shoplifting ever occurred.

The conviction is reversed and the case is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., concur.

EASLEY and PAYNE, JJ., dissent.

EASLEY, Justice, dissenting.

I respectfully dissent in this case.

It is abundantly clear that Doe's confession of shop-lifting liquor from Albertson's

store was collaborated by other substantial circumstantial evidence.

The unobjected-to and undisputed evidence is as follows: Officer Newman testified that a complaint was received that "four or *five* juvenile males" (emphasis added) were drinking near the Albertson's store. This advised the officer that he should look for five juveniles. When he drove to the scene, he saw Doe walking north from near the area, where the liquor and the other persons were found, towards Albertson's where Doe entered the store. The officer testified that Doe watched the officer's car as it approached and then immediately came out of the store and walked after the officer's car. This is some evidence that Doe was implicated; else why would he be interested in the police car and where it was going? Doe's motivation to help his friends concerning the theft he had committed was born out later when he readily admitted stealing the liquor when he was informed that the others would be jailed.

The officer saw the four other males in a darkened portion of the Albertson's parking lot near a building a short distance south of Albertson's. He had them place their hands up on the wall. Doe and the other four were "known associates" to the officer, which was also some evidence of Doe's participation in the entire incident.

The officer found a large quantity of alcohol consisting of several bottles, a half-gallon, pints and fifths. These bottles had the Albertson's price tags on them. The value of the liquor was $41.32. Some of the bottles had been opened and some of the liquor consumed.

After some delay, Doe came up to the scene and the officer asked him to place his hands on the wall to be searched. Doe's being near the scene and showing up for the arrests is again, corroborating evidence of the reliability of his confession.

Newman advised the other four that they were going to jail, hand-cuffed them and moved them over toward other police cars that had been called for back-up. He asked Doe to come over to his automobile in order to answer questions for completing an interrogation report. Doe asked Newman if the other four were going to jail and when advised that they were, he instantly volunteered that the others had not stolen anything but that he had stolen the liquor from Albertson's. This conduct on his part gives his confession a ring of truth.

The assistant manager of the Albertson's store was called to the scene to view the liquor. At trial he testified that he could tell that the liquor came from that store by looking at the price tags and that Doe had not purchased any liquor from the store that day.

Newman was asked on cross-examination if he arrested Doe because of what Doe had said about stealing the liquor. Newman's answer was "yes, Ma'am. Plus the fact of statements made by the other subjects arrested at that time." This corroborates that the other boys had said something to Officer Bogle to implicate Doe in the theft.

Officer Bogle testified that he talked to the other four boys while Newman was interrogating Doe, after which he went over to Doe and "told him all the other guys said that he was the one that had stolen the whiskey." At that time Doe made his *second* confession when he said, "yeah, I did it."

How can it be seriously contended that Doe's two confessions plus the other overwhelming evidence of his guilt are insufficient to justify an "inference" of the truth of his statements that he stole the liquor?

The facts in *State v. Paris*, 76 N.M. 291, 414 P.2d 512 (1966), are somewhat analagous to those with which we are concerned here. Except that our facts are much stronger than those in *Paris* where the defendant's conviction was affirmed despite the fact that no possession of the stolen money was shown in defendant in *Paris*. In fact, the money in *Paris* was never found or recovered. Here, possession was shown in the other juveniles, with Doe being near the scene.

Although the majority opinion states that the testimony of Bogle that he told Doe

that the other four had said that Doe stole the liquor was not offered to prove the truth of the assertion, we call attention to the fact that the record does not indicate in any way the intent or purpose of the officer in so testifying. Also, the testimony of Newman circumstantially supports an inference that the other juveniles said *Doe* had stolen the liquor. None of this testimony was objected to and any reasonable inferences may be drawn from it.

The majority opinion states that "there is nothing whatsoever connecting Doe to the liquor from which even an inference could be made that he stole it." This statement assumes that the *two* confessions cannot be taken into consideration in establishing Doe's guilt. This is in direct conflict with a multitude of decisions by the New Mexico courts, other state and federal courts and the United States Supreme Court, including the granddaddy case of *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). *See Mapys v. United States*, 404 F.2d 964 (10th Cir. 1969), *cert. denied*, 399 U.S. 932, 90 S.Ct. 2266, 26 L.Ed.2d 802 (1969); *State v. Paris, supra; State v. Gruender*, 83 N.M. 327, 491 P.2d 1082 (Ct. App.1971), *cert. denied*, 83 N.M. 324, 491 P.2d 1079 (1971).

The Supreme Court in *Opper* held the better rule to be "that the corroborative evidence need not be sufficient, independent of the [confession], to establish the corpus delicti. It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the [confession]." *Id.* 384 U.S. at 93–4, 75 S.Ct. at 164. Nevertheless, the majority opinion here concludes that "there was no evidence, absent the confession, that Doe ever possessed or concealed the liquor. Nor was there any evidence, absent the confession, that a shop-lifting ever occurred." This ignores the two confessions and most of the circumstantial evidence cited above, including the circumstances which are in the record without objection that indicate the other four persons accused Doe of stealing the liquor.

The majority no doubt was led astray by the failure of the State in its briefs to call attention to numerous pieces of important corroborating evidence that are contained in the transcript.

This precise issue was set to rest twenty-six years ago in *Opper*; and if there are any subsequent cases that support the majority on this issue, we have not discovered them. The standard was spelled out in *Opper* and was adopted by this Court in *Paris* fourteen years ago. There has been no deviation in the United States Supreme Court or in our courts from the principle that corroborative evidence need not be sufficient, independent of the confession, to establish the corpus delicti, that the independent evidence is sufficient if it tends to establish the trustworthiness of the confession, and that the total of both can be used to establish the reliability and truth of the confession. *See United States v. Lehmann*, 613 F.2d 130 (5th Cir. 1980); *United States v. Henderson*, 467 F.2d 904 (10th Cir. 1972); *Mapys v. United States, supra* (a New Mexico case).

We must consider the two confessions, or specifically overrule *Paris*. The trustworthiness of Doe's confession was established by the strong corroborative evidence in this case. It appears incredible that a factfinder, facing this array of circumstantial evidence and Doe's confessions would not determine that there is an inference of truth to the confession.

PAYNE, J., concurring in dissent.