617 P.2d 172

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Jeff BREWSTER, Defendant–Appellant.**

No. 4362.

Court of Appeals of New Mexico.

Sept. 2, 1980.

William A. L'Esperance, Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Art Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

OPINION

WALTERS, Judge.

Defendant raises six issues on appeal (one point having been abandoned) from conviction of residential burglary, one of which is dispositive, and one other meriting comment. We reverse.

The defendant requested an instruction on criminal trespass as a lesser–included offense. The trial court denied the requested instruction on grounds that if defendant had no intent to steal, then there was no evidence of malicious intent to support a theory of criminal trespass.

This exact issue was decided by this court in *State v. Ruiz*, 617 P.2d 160 (Ct.App. 1980). *Ruiz* held denial of the instruction to be error. We likewise so hold here because there was evidence that the malicious intent necessary to support criminal trespass was defendant's intention to commit the wrongful act of searching the papers contained in the residence without permission or legal justification for doing so. *Ruiz, supra.* The words "with the intent to commit a felony or theft therein" in the crime charged against him, are words charging a malicious intent. *Ruiz, supra.* Under both the State's and defendant's theories, there was evidence to support the lesser charge and the court erred in refusing the requested instruction.

The matter reserved for comment is the prosecutor's remark, after cross–examination of the defendant, and in the presence of the jury:

"Your Honor, at this time before I conclude my cross examination, I would like an instruction from the court to the jury that this man is not up for life as he

stated on the stand, and that this is an outright fabrication."

The trial court did not admonish the prosecutor for the highly improper comment but instructed the jury it was not to consider the penalty that might be imposed but only defendant's guilt or innocence.

The appellate courts of this jurisdiction have usually held that cautionary instructions to the jury following improper remarks or questions by counsel ordinarily will cure or mitigate the error, *see* discussion in *State v. Rowell*, 77 N.M. 124, 127, 419 P.2d 966 (1966), and we do not disagree with that general approach. In the instant case, the admonition was directed to defendant's answer, not to the assistant district attorney's remark. The court's instruction may well have been interpreted by the jury to have been a stamp of approval on the prosecutor's characterization of defendant's testimony as "an outright fabrication."

At the next recess, defense counsel asked for a mistrial, stating that he did not do so at the time of the comment because he was afraid of prejudicially emphasizing the matter. There is no question, of course, that the State's remark was an impermissible comment directly impugning defendant's credibility, made in the presence of the jury. It amounted to testimony by the prosecutor, and was improper.

Because this case is reversed on the issue of a lesser–included charge, it is not necessary to do so as well on grounds of the prosecutor's misconduct. We primarily have engaged in the above discussion because despite frequent and recent reversals resulting from prosecutorial "over–kill," *see, e. g., Gonzales v. State*, 94 N.M. 495, 612 P.2d 1306 (1980); *State v. Gutierrez*, 93 N.M. 232, 599 P.2d 385 (Ct.App. 1979); *State v. Frank*, 92 N.M. 456, 589 P.2d 1047 (1979); *State v. Callaway*, 92 N.M. 80, 582 P.2d 1293 (1978); *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978); *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976); *State v. Lara*, 88 N.M. 233, 539 P.2d 623 (Ct.App. 1975); *State v. Ross*, 88 N.M. 1, 536 P.2d 265 (Ct.App. 1975), prosecutors continue to inject prejudicial questions, evidence, and remarks into criminal trials. It is understandable that in the heat of trial and the intensity of proving one's case, improper remarks may be made inadvertently. But prosecutors must always be on guard against such conduct. Unnecessary retrials subvert judicial economy, and prosecutorial misconduct does nothing to contribute to the constitutional principles of due process and fair trials which officers of the State and the court are charged to protect.

The judgment and sentence are reversed, the cause is remanded for a new trial.

HENDLEY and ANDREWS, JJ., concur.