657 P.2d 1165

STATE of New Mexico,
Plaintiff-Appellee,

v.

William Wayne GILBERT,
Defendant-Appellant.

No. 13564.

Supreme Court of New Mexico.

Nov. 17, 1982.

D'Angelo, McCarty & Vigil, Catherine Baker Stetson, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Defendant William Wayne Gilbert was tried by jury and convicted in the District Court of Valencia County for the first degree murder of his wife Carol Gilbert. Defendant was sentenced to life imprisonment.

In this direct appeal defendant raises the following issues:

1. Whether the trial court erred in refusing to suppress defendant's confession.

2. Whether the trial court erred in refusing to quash the indictment.

3. Whether the trial court erred in denying defendant's motion for a directed verdict.

4. Whether the trial court erred in denying motions for a mistrial based on (a) a prosecution witness's statement regarding defendant's involvement in another incident involving a rifle, and (b) the prosecutor's misstatement in closing argument regarding another of defendant's alleged murder victims.

5. Whether the trial court erred in refusing to permit defendant to make an opening statement after the State's case-in-chief when defendant did not intend to call any witnesses.

6. Whether the trial court erred in refusing to declare a mistrial based upon unproven assertions made by the State in the opening statements.

Failure to Suppress and Refusal to Quash Indictment.

■ Defendant was arrested on January 19, 1980 following an incident involving gunfire at the American Sandwich Shop in Albuquerque. Later that day defendant confessed to six murders including that of his wife. The chronology of events, defendant's claims, and our decisions on the issues are set out in detail in *State v. Gilbert*, 98 N.M. 530, 650 P.2d 814 (1982). In that case defendant appealed from his conviction for the murder of Barbara McMullen and raised issues identical to his first two points of appeal in the instant case. We again hold that no error was committed with regard to these first two points, and we adopt the recitation of facts and our rationale as set out in *State v. Gilbert*.

Denial of Motion for Directed Verdict.

■ Defendant next asserts that it was error for the trial court to deny defendant's motion for a directed verdict on the charge of first degree murder when evidence of provocation was adduced at trial. It is well established in New Mexico that upon motion for a directed verdict of acquittal, the trial court must review the evidence in the light most favorable to the State to determine if that evidence will support a convic-

tion on the crime charged. *State v. Robinson*, 94 N.M. 693, 616 P.2d 406 (1980); *see also State v. Smith*, 92 N.M. 533, 591 P.2d 664 (1979). On review of the record we hold that the evidence was sufficient to support a charge of first degree murder and that the trial court properly denied defendant's motion for a directed verdict.

### References to Other Misdeeds.

Defendant claims that evidentiary statements by a State's witness and remarks made by the prosecutor in closing argument require reversal. There had been much pretrial publicity concerning defendant's alleged involvement in several crimes other than the murder of his wife. The trial court specifically told the jury panelists that knowledge of this information would not render them unfit to serve provided they would be fair and impartial and decide the case only on the evidence. The trial court admonished counsel to avoid bringing to the jury's attention information regarding defendant's activities unless it was related to the murder of defendant's wife.

■ During the State's case-in-chief, Officer Clingenpeel was asked the following question by the prosecutor:

Q. What did you have to locate, let me ask you that?

A. It was to locate a maroon and white Chevrolet pickup involving a white male, short sandy hair, with a mustache, wearing fatigue uniform, reference to an incident that occurred involving a rifle.

Defendant's counsel moved for a mistrial claiming that the reference to the rifle incident was elicited by the prosecution in direct violation of the trial court's previous ruling. The prosecutor responded that he did not elicit the offending testimony and that it was inadvertent. The trial court admonished the witness about his testimony and denied the motion for a mistrial. It is clear to us from a reading of the record that the portion of the answer referring to the rifle incident was not purposefully elicited by the prosecutor. Further, there was no showing by defendant that the answer

was prejudicial, and therefore the error, if any, would be harmless. At the conclusion of Officer Clingenpeel's testimony he made another oblique reference to the defendant's being booked "on the investigation I was doing." The court denied another motion for mistrial.

■ There are several other facts relevant to our inquiry on this issue. Initially it was clear from the witness's testimony that the defendant was the object of a police search and that he was ultimately taken to jail. The defendant was taken into custody and advised of his rights. He gave a statement at the police department and was then taken to jail. This testimony made it apparent to the jury that the defendant was wanted for some criminal offense. During his testimony Officer Clingenpeel made reference to a rifle four times, to the advice of rights in some context six times, and that the defendant was in custody or jailed two times. His testimony was relevant to the identification of State's Exhibit 24, the murder weapon. His testimony was also relevant to the defendant's understanding of his rights, a necessary preliminary to the later introduction of defendant's confession through Sgt. Ness.

Relying on the rules of evidence, defendant asserts on appeal that the two statements by Clingenpeel were inadmissible. *See* N.M.R.Evid. 404(b), N.M.S.A. 1978. This contention is without merit. The comments, if inadmissible at all, were inadmissible because of the previous ruling by the trial court that no mention was to be made of the shooting at the American Sandwich Shop. No mention was made of that shooting incident. The State concedes that the two comments by the officer implied that the defendant was arrested for another crime. The entire substance of his testimony also implied that the comments objected to did not tell the jury anything that the remainder of the officer's testimony had not already revealed to them. Other than the concluding portions of two of Officer Clingenpeel's answers, defendant had no ob-

jection to the substance of the witness's testimony. Defendant did not request the trial court to either strike offending portions or admonish the jury to disregard these portions of the answers. In the context of Clingenpeel's testimony these two comments did not prejudice the defendant. With or without the comments the jury would have known that the defendant had been arrested for some unspecified offense. The trial court did not err in denying the motion for mistrial. *See State v. Baca,* 89 N.M. 204, 549 P.2d 282 (1976).

■ Early in closing argument the prosecution stated that the State would show that "the defendant, William Wayne Gilbert, killed Barbara McMullen in a cold, cruel, and vicious manner." Defendant promptly moved for a mistrial claiming that the reference to Barbara McMullen's murder improperly presented the jury with evidence of defendant's bad character. *See* N.M.R.Evid. 404(b). The victim in this case was defendant's wife, Carol Gilbert, as the jury had been informed throughout the trial and also just moments before the argument commenced. The trial court denied defendant's motion, finding no prejudice. The trial court admonished the jury that the comment was a "slip of the tongue" and that the only charge before them was the slaying of Carol Gilbert. After the court's admonition, the prosecutor corrected himself:

> Now, as I told you during the opening statement, the killing of Carol Gilbert by the Defendant on January the 18th * * *.

On appeal we review two questions: first, whether such comment was misconduct by the prosecutor and second, whether the trial court abused its discretion in denying the motion for mistrial. Regarding the first question, it is clear from the record that the comment was not misconduct. At the time, even defense counsel acknowledged the inadvertent nature of the misnomer. *Cf. State v. Brewster,* 94 N.M. 783, 617 P.2d 172 (Ct.App.1980) (prosecutor's remark amounted to testimony and was improper).

■ The second question is whether the trial court abused its discretion in denying the motion for mistrial. The trial court has broad discretion in controlling argument to the jury. If no abuse of this discretion or prejudice to the defendant is evident, error does not result. *State v. Pace,* 80 N.M. 364, 456 P.2d 197 (1969); *see also Chacon v. Territory,* 7 N.M. 241, 34 P. 448 (1893). In the instant case, the trial court properly exercised its discretion not only in denying the motion for mistrial but also by carefully instructing the jury about the misstatement of the victim's name. Further, the error of the misstatement did not prejudice this defendant. *See State v. Ruffino,* 94 N.M. 500, 612 P.2d 1311 (1980); *State v. Day,* 91 N.M. 570, 577 P.2d 878 (Ct.App.), *cert. denied,* 91 N.M. 491, 576 P.2d 297 (1978).

Opening Statement by Defendant.

■ Defendant next claims that the trial court erred in refusing to permit defendant to make an opening statement after the State's case-in-chief. We disagree. Defendant reserved his opening statement. After the State's case-in-chief defendant indicated that he would not present evidence but that he did desire to make an opening statement at that time. The trial court properly denied the request. An opening statement is intended to serve as a preview of the evidence to be admitted by one or both of the parties. It is not intended to offer defendant two opportunities to argue to the jury. *See* N.M.U.J.I.Crim. 1.00 N.M.S.A. 1978 (Cum.Supp.1981); *see also State v. Fleming,* 523 S.W.2d 849 (Mo.App. 1975).

Unproven Assertions by the State.

■ Defendant's final claim is that the trial court erred in refusing to declare a mistrial based on unproven assertions made by the prosecutor in his opening statement. The prosecutor in his opening statement asserted that the evidence would show that the defendant fired two shots into his wife at a distance of less than four and a half feet and two shots at a distance of greater

than four and a half feet. The expert witness was unable to state any opinion on the distances in question, however. There is no claim nor is there any evidence to show that the prosecutor acted in bad faith. Also, defendant has failed to establish how these events caused any prejudice to his defense. Under the facts the trial court did not abuse its discretion in denying the motion for mistrial. *State v. McDonald,* 21 N.M. 110, 152 P. 1139 (1915); *State v. Mills,* 94 N.M. 17, 606 P.2d 1111 (Ct.App.), *cert. denied,* 94 N.M. 628, 614 P.2d 545 (1980); *State v. Fuentes,* 91 N.M. 554, 577 P.2d 452 (Ct.App.), *cert. denied,* 91 N.M. 610, 577 P.2d 1256 (1978); *State v. Martinez,* 83 N.M. 9, 487 P.2d 919 (Ct.App.1971); *State v. Torres,* 81 N.M. 521, 469 P.2d 166 (Ct.App.), *cert. denied,* 81 N.M. 506, 469 P.2d 151 (1970). *Cf. State v. Garcia,* 83 N.M. 51, 487 P.2d 1356 (Ct.App.1971) (prosecutor's remarks found to be prejudicial).

Finding that the defendant received a fair trial, free from error, his conviction is hereby affirmed.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, Senior Justice.