This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 29,617**

**THERESA R.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Gary M. Jeffreys, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Child appeals a finding of delinquency based on possession of marijuana. She

contends that the district court erred in denying her motion to suppress evidence and that the evidence was insufficient to support the conclusion that she possessed marijuana. In our second notice, we proposed to affirm. Child has timely responded. We have considered her arguments and not being persuaded, we affirm.

In our second notice, we proposed to conclude that the border patrol officers did not need reasonable suspicion to approach the vehicle in which Child and her brother were sitting. We pointed out that not every police/citizen encounter runs afoul of the Fourth Amendment. It is only when the citizen is "seized" that the police must have reasonable suspicion. We proposed to conclude that Child was not seized, so the border patrol agents did not need reasonable suspicion to approach her.

Child argues that in looking at the totality of the circumstances, we must conclude that she was seized. She argues that she was a juvenile sitting in a parked car and would not have felt that she could drive away. In *State v. Jason L.*, the Supreme Court stated that, in determining whether a seizure occurred, we must look to "(1) the conduct of the police, (2) the person of the individual citizen, and (3) the physical surroundings of the encounter." 2000-NMSC-018, ¶ 15, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). There is no suggestion here that the vehicle Child was in was blocked by police. *See State v. Lopez*, 109 N.M. 169, 172, 783 P.2d 479, 482 (Ct. App. 1989), *modified on other grounds by Jason L.*,

2

2000-NMSC-018, ¶ 19. Further, there is no suggestion that the agents in any way restrained Child's ability to leave as they approached her. Child argues that this case is not like those cases where someone can simply walk away from police. We fail to see the difference in walking away and driving away and Child has not pointed us to authority that the two require different analyses.

The fact that Child is a juvenile can be considered in determining whether a reasonable person would feel free to leave. *Jason L.*, 2000-NMSC-018, ¶ 18. However, as is clear from our cases, that fact alone is not determinative. It does not appear that there was any indication in the record showing that Child would have not felt free to leave as the agents were approaching her.

We conclude on the record before us that Child was not seized at the time that the border patrol agents approached her. Therefore, they did not need reasonable suspicion. The district court did not err in refusing to suppress statements made by Child during the encounter.

Child argues that the New Mexico Constitution grants greater protection under these circumstances, but she fails to articulate the arguments. She argues that trial counsel raised the issue below [SMIO 4], but she does not tell us what arguments were made to the district court. *See State v. Gomez*, 1997-NMSC-006, ¶¶ 22-23, 122 N.M. 777, 932 P.2d 1 (setting forth preservation requirements for arguing that the New

3

Mexico Constitution gives greater protection than the United States Constitution). Aside from arguing that New Mexico is a border state, Child does not tell us why reasonable suspicion in New Mexico requires something different from the standard recognized under the federal constitution. Therefore, we do not address the merits of this issue.

Child continues to argue that the evidence was insufficient to support a conviction for possession of marijuana. In our notice, we addressed two issues related to this issue. First, we proposed to conclude that Child's admission to smoking marijuana was corroborated by police testimony and was, therefore, sufficient to support a finding that she smoked marijuana. *See* NMSA 1978, § 32A-2-14(G) (2009) (requiring an extrajudicial admission or confession made by a child to be corroborated by other evidence if it is used to support the finding of delinquency). Child does not explain why the officers' testimony was insufficient corroboration, but simply asserts that it was not. She argues that the only corroboration would be the marijuana itself and because that was not presented, there was no corroboration. We disagree. We conclude that testimony regarding the smell of burnt marijuana and seeing a homemade pipe and marijuana in the vehicle was sufficient corroboration of Child's admission to "smoking weed before school." Further, we point out that Child's brother told police that the two were smoking marijuana before school.

4

Second, we proposed to conclude that under the facts of this case, ingestion or consumption of marijuana was enough to establish the elements of possession. In so doing, we relied on *State v. McCoy*, 116 N.M. 491, 495-96, 864 P.2d 307, 311-12 (Ct. App. 1993), *overruled on other grounds by State v. Hodge*, 118 N.M. 410, 882 P.2d 1 (1994), and *State v. Franks*, 119 N.M. 174, 176-77, 889 P.2d 209, 211-12 (Ct. App. 1994). Those cases make it clear that ingestion alone is insufficient to establish possession. What the State must show is that Child knew it was marijuana, had it on her person or in her presence, and exercised control over it. UJI 14-130 NMRA.

There was evidence that Child knew it was marijuana; she testified that she was smoking "weed" before school. In order to be smoking it, the marijuana must have been on her person or in her presence. Finally, she exercised control over it by smoking it. Under the facts here, the evidence established that Child had possession of the marijuana. She was not convicted of the crime of ingestion. Rather, the evidence of ingestion or consumption was used to establish possession.

Child argues that this Court has not addressed how this case is different from *Doe v. State*, 94 N.M. 548, 613 P.2d 418 (1980), and *State v. Tywayne H.*, 1997-NMCA-015, 123 N.M. 42, 933 P.2d 251. In *Doe*, the Supreme Court held that a child's out-of-court statement could not be admitted into evidence without corroboration. *Doe*, 94 N.M. at 549, 613 P.2d at 419. As we pointed out above, there

was corroboration of Child's statement that she was smoking marijuana before school. The officers testified to smelling marijuana, seeing it in the vehicle, and seeing a pipe. Child's brother also told officers that the two were smoking marijuana. This case is different from *Doe* because there is corroboration in this case.

In *Tywayne*, the issue was whether the search of the child was lawful. *Tywayne*, 1997-NMCA-015, ¶ 1. One prong of the analysis was whether the search was justified as a search incident to arrest. *See id.* ¶ 16. The state argued that the police had probable cause to believe that the child was in possession of alcohol because the officer smelled alcohol on the child's breath. *Id.* ¶ 20. The discussion about "possessing" alcohol in one's body was not in connection with a sufficiency of the evidence claim, but rather with whether there was probable cause sufficient for an arrest to support a search. *See id.* Further, it was a completely hypothetical discussion as the police never smelled alcohol on the child's breath, and the child was never arrested. *Id.* ¶ 21. The facts alone make *Tywayne* unpersuasive in this case.

For the reasons stated herein and in the second notice of proposed disposition, we affirm the finding of delinquency based on possession of marijuana.

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

6

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**