This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40282**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**DALE LITTLE,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**　　This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, reply brief, and record proper, we affirm in part and reverse in part for the following reasons.

**{2}** Defendant was convicted of aggravated fleeing, driving while his license was suspended, failure to register or title a vehicle, and failure to carry proof of insurance. [1 RP 176-179, 189] Defendant appeals his convictions, raising three issues: (1) the district court erred by denying his motion for mistrial; (2) the district court should have dismissed the insurance violation once Defendant provided proof of insurance; and (3) the State presented insufficient evidence that Defendant was driving with a suspended license. [BIC 7-17] We affirm Defendant's convictions for aggravated fleeing and failure to register a vehicle, but reverse the remaining two convictions.

**{3}** Regarding Defendant's argument that the district court erred by denying his request for mistrial following the prosecutor's question during cross-examination of Defendant, we review a trial court's denial of a mistrial for an abuse of discretion. *See State v. Salas*, 2017-NMCA-057, ¶ 18, 400 P.3d 251; *see also State v. Comitz*, 2019-NMSC-011, ¶ 46, 443 P.3d 1130 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)). "If no abuse of this discretion or prejudice to the defendant is evident, error does not result." *State v. Gilbert*, 1982-NMSC-137, ¶ 13, 99 N.M. 316, 657 P.2d 1165. "Because the trial court is better able to gauge the magnitude of objectionable comments, we afford it broad discretion in choosing the appropriate way to respond." *State v. Torres*, 2012-NMSC-016, ¶ 8, 279 P.3d 740.

**{4}** "If the district court determines that a prosecutor's comment or questioning of a witness is substantially likely to cause a miscarriage of justice, the judge should grant a defendant's motion for mistrial." *Comitz*, 2019-NMSC-011, ¶ 47 (internal quotation marks and citation omitted). Mistrial is reserved for instances where procedural safeguards like striking statements and offering curative instructions fail: "Only in the most exceptional circumstances should [appellate courts], with the limited perspective of a written record, determine that all the safeguards at the trial level have failed." *State v. Sosa*, 2009-NMSC-056, ¶ 25, 147 N.M. 351, 223 P.3d 348.

**{5}** Here, Defendant testified on his own behalf, and during a contentious cross-examination, the State followed one of Defendant's responses by asking, "Were you giving the officer as much trouble that [sic] you're giving me?" [BIC 6-8; AB 4] Defense counsel objected immediately, and the district court sustained the objection. [*Id.*] At defense counsel's request, the district court instructed the jury to disregard the question. [*Id.*] Defense counsel moved for a mistrial based on the comment, and the district court denied the motion. [BIC 7; AB 4] Defendant now argues that the district court erred by refusing to grant a mistrial. [AB 7]

**{6}** Under the circumstances, we conclude that the district court did not abuse its discretion in denying Defendant's motion for a mistrial. Assuming without deciding that the prosecutor's question was improper, the district court "effectively addressed the potential of prejudice" by sustaining Defendant's objection and giving a curative instruction directing the jury to disregard the question. *See Comitz*, 2019-NMSC-011, ¶

52; *see also Sosa*, 2009-NMSC-056, ¶ 25 (noting that "a trial court can correct any impropriety by striking statements and offering curative instructions"). The weight of authority suggests that where, as here, a prompt objection is made and the district court issues a curative instruction, the district court does not abuse its discretion in denying a request for mistrial. *See Comitz*, 2019-NMSC-011, ¶ 52 (concluding that trial court did not abuse its discretion in denying the motion for mistrial where jury was instructed to disregard improper cross-examination question and its answer); *Torres*, 2012-NMSC-016, ¶ 9 (concluding that the prosecutor's inappropriate conduct did not constitute reversible error where comments were peripheral to the issue being litigated and the trial court took swift action to issue a "simple curative instruction to the jury"); *State v. Smith*, 2001-NMSC-004, ¶ 36, 130 N.M. 117, 19 P.3d 254 (upholding denial of motion for mistrial where single improper question was immediately struck, went unanswered, and was the subject of an immediate objection). This is particularly true considering the rhetorical nature of the comment and that it was peripheral to the matters being litigated. *Cf. State v. Reynolds*, 1990-NMCA-122, ¶¶ 12-13, 111 N.M. 263, 804 P.2d 1082 (concluding that the prosecutor's characterization of the defendant's statement as a "cock-and-bull story" presented no substantial likelihood of improper prejudice); *State v. Martinez*, 1983-NMSC-018, ¶ 4, 99 N.M. 353, 658 P.2d 428 (concluding that prosecutor's reference to the defendant as a "chola punk," though inappropriate, was not sufficient to warrant a new trial, given that the jury was instructed to disregard the statement).

**{7}**     To the extent Defendant argues that reversal is warranted under the three factors set forth in *Sosa*, 2009-NMSC-056, ¶ 26, we disagree. *Sosa* articulated three factors for courts to use in reviewing questionable statements made during closing arguments: "(1) whether the statement invades some distinct constitutional protection; (2) whether the statement is isolated and brief, or repeated and pervasive; and (3) whether the statement is invited by the defense." *Id.* Even assuming these factors apply to circumstances such as this, where the challenged error came as a question during cross-examination rather than as a comment during closing arguments, Defendant is not entitled to reversal.

**{8}**     As to the first factor, the prosecutor in this case did not invade a distinct constitutional protection by making an improper comment on Defendant's right to silence or his right against self-incrimination. *See Torres*, 2012-NMSC-016, ¶ 12; *see, e.g., State v. Allen*, 2000-NMSC-002, ¶ 27, 128 N.M. 482, 994 P.2d 728 (noting that a prosecutor's comments regarding a defendant's right to remain silent may constitute reversible error). With regard to the second factor, "our appellate courts have consistently upheld convictions where a prosecutor's impermissible comments are brief or isolated." *Sosa*, 2009-NMSC-056, ¶ 31. The impermissible comment here was a single question, and nothing in the record indicates the prosecutor asked any other similarly impermissible questions. Although Defendant claims the question was part of a pattern of tension between Defendant and the prosecutor [BIC 12], he cites no authority to suggest that a tense atmosphere during cross-examination is indicative of repeated or pervasive impropriety. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of

the issue and that, given no cited authority, we assume no such authority exists."). Furthermore, Defendant does not identify where in the record he objected to the other questions posed during cross-examination that he implies were improper.

**{9}** Given that the prosecutor's single, isolated question did not present a substantial likelihood of improper prejudice and does not warrant a new trial under *Sosa*, we conclude that the prosecutor's question did not cause a miscarriage of justice. We therefore conclude the district court did not commit reversible error by denying Defendant's request for mistrial. *See Torres*, 2012-NMSC-016, ¶¶ 7-9, 15 (characterizing prosecutor's actions as "entirely improper" but concluding that "the trial court did not err in choosing to deny the motion [for mistrial] and to instead downplay the prosecutor's actions through a simple curative instruction to the jury").

**{10}** Defendant also contends that the evidence at trial was insufficient to support his conviction for driving with a suspended license because the State presented no "independent evidence that a crime occurred, i.e., that [Defendant]'s driver's license was suspended." [BIC 20] "We review de novo any claim that the [s]tate failed to prove the corpus delicti of the charged offense." *State v. Martinez*, 2021-NMSC-012, ¶ 32, 483 P.3d 590. "The corpus delicti rule requires the [s]tate to produce some evidence that a crime has been committed, in addition to extrajudicial confessions or admissions of the accused, to support a conviction." *Id.* ¶ 29 (internal quotation marks and citation omitted). "[A] defendant's extrajudicial statements may be used to establish the corpus delicti when the prosecution is able to demonstrate the trustworthiness of the confession and introduce some independent evidence of a criminal act." *Id.* ¶ 31. "This independent evidence can consist of either direct or circumstantial evidence, but such evidence must be independent of a defendant's own extrajudicial statements." *State v. Bregar*, 2017-NMCA-028, ¶ 46, 390 P.3d 212 (internal quotation marks and citation omitted).

**{11}** It is a necessary element for Defendant's conviction that his "privilege to operate a motor vehicle on a public highway of this [S]tate was suspended." [1 RP 187] *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). The arresting officer testified that he asked Defendant for his name and date of birth in order to "check the computer system." [2 RP 296] The State proffered a video of Defendant's encounter with the officer, in which the officer asked Defendant why his license was suspended. [AB 2] Defendant responded, stating that it was "[b]ecause of nonpayment of freakin' . . ., what is it, because of the insurance or something. I had a warrant." [BIC 3; AB 2] At trial, the officer testified that Defendant had responded to the question by stating it was for a failure to appear. [BIC 5; AB 2] The officer also answered in the affirmative when asked if Defendant confirmed that he knew his license was suspended. [11/3/21 CD 2:00:20; BIC 17-18; AB 2, 8; 2 RP 296] At no point did the State proffer any evidence from the Motor Vehicle Division indicating Defendant's license had been suspended or testimony from the arresting officer regarding the information he learned from his computer system. [BIC 20]

**{12}** While we agree with the State's assertion that Defendant's statements demonstrate knowledge [AB 8], we note that Defendant's statements alone do not prove that the license had actually been suspended. *See State v. Weisser*, 2007-NMCA-015, ¶ 30, 141 N.M. 93, 150 P.3d 1043 (holding that the trial court erred when it determined that a defendant's statements were trustworthy based on the statements themselves, as opposed to independent evidence establishing that a crime occurred), *abrogated on other grounds by Bregar*, 2017-NMCA-028, ¶ 49; *see also Martinez*, 2021-NMSC-012, ¶ 31 ("[A] defendant's extrajudicial statements may be used to establish the corpus delicti when the prosecution is able to demonstrate the trustworthiness of the confession *and* introduce some independent evidence of a criminal act." (emphasis added)).

**{13}** The State does not address Defendant's corpus delicti argument or indicate what evidence demonstrated that the suspension occurred. The only evidence in the record, apart from Defendant's statement, was the arresting officer's testimony and the video in which the arresting officer asked Defendant why his license was suspended. [BIC 17-18; AB 2, 8; 2 RP 296] First, the officer's testimony does little to demonstrate Defendant's statement was trustworthy, as it is inconsistent with the video footage—the video contains reference to a warrant and insurance, but the officer testified regarding a failure to appear. Second, with regard to the officer's testimony that he questioned Defendant regarding the reason for the suspension as independent evidence of the suspension, the State relies not on facts in the record, but on what it characterizes as a reasonable inference that the officer "learned from the computer in his car that [the license] had been suspended" to prove the suspension. [AB 8]

**{14}** We disagree with the State's characterization of this evidence as a reasonable inference. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("A reasonable inference is a conclusion arrived at by a process of reasoning, which is a rational and logical deduction from facts admitted or established by the evidence." (alteration, internal quotation marks, and citation omitted)). In order to conclude that the officer asked the question regarding suspension because of the results of his computer search, the jury had to make assumptions regarding the results. Specifically, the jury would have had to surmise not only that the officer asked the question because of the results of the computer search, but also that the computer indicated that Defendant's license was suspended. Such an assumption is based on conjecture and supposition, rather than independent evidence in the record. *See State v. Fernandez*, 2015-NMCA-091, ¶ 4, 355 P.3d 858 ("If the evidence presented must be buttressed by surmise and conjecture, rather than logical inference, it will not be sufficient to support a conviction." (text only)); *State v. Hardy*, 2012-NMCA-005, ¶ 2, 268 P.3d 1278 (holding that there must be admissible evidence presented to corroborate the corpus delicti of a crime).

**{15}** We therefore conclude that no rational jury could have found beyond a doubt, based on this evidence, that Defendant's driving privileges had been suspended. *See State v. Galindo*, 2018-NMSC-021, ¶ 12, 415 P.3d 494 (stating that the relevant question in reviewing the sufficiency of the evidence is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks and citation omitted)); *Doe v. State*, 1980-NMSC-076, ¶¶ 3-6,

94 N.M. 548, 613 P.2d 418 (holding that although the defendant confessed twice to stealing alcohol, there was no corroborating evidence to support the allegation that the defendant actually stole the alcohol). As a result, we conclude that Defendant's conviction for driving while his license was suspended must be reversed.

{16}   Finally, Defendant argues that his conviction for failure to carry proof of insurance should have been dismissed because providing valid proof of insurance is a complete defense, and he provided the district court with proof of insurance prior to trial. [BIC 15; 1 RP 131-32] The State concedes that Defendant's conviction should be reversed. [AB 8-9] We agree with both parties. *See* NMSA 1978, § 66-5-229(C) (1998) ("[N]o person charged with violating this section shall be convicted if he produces in court evidence of financial responsibility valid at the time of issuance of the citation."). We therefore reverse Defendant's convictions for driving with a suspended license and failure to carry proof of insurance, and affirm Defendant's convictions for aggravated fleeing and failure to register a vehicle.

{17}   IT IS SO ORDERED.

ZACHARY A. IVES, Judge

WE CONCUR:

JACQUELINE R. MEDINA, Judge

JANE B. YOHALEM, Judge