484 P.2d 368

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry LUNN, Defendant-Appellant.**

**No. 576.**

Court of Appeals of New Mexico.

April 9, 1971.

William C. Marchiondo, McAtee, Marchiondo & Michael, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., John A. Darden, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

Lunn was convicted of murder in the second degree, § 40A–2–1, N.M.S.A.1953 (Repl.Vol. 6), and of an attempt to commit murder in the second degree, § 40A–28–1, N.M.S.A.1953 (Repl.Vol. 6). We reverse the convictions because hearsay testimony was admitted which deprived the defendant of his constitutional right to confront the witnesses against him. Sixth Amendment to the U. S. Constitution, N.M.Const. Art. 2, § 14. This confrontation issue involves testimony admitted as part of the res gestae.

The killing of Nick Candelaria and the wounding of his wife, Gabriela Candelaria, occurred at their home in the nighttime. There is evidence that two young sons of the Candelarias were in their bedroom at the time of the shootings. Neither boy had been called as a witness at two prior trials of this case. The first resulted in a conviction which was reversed in State v. Lunn, 80 N.M. 383, 456 P.2d 216 (Ct.App. 1969); the second resulted in a mistrial because the jury was deadlocked. According to defendant, he had never talked to the boys. The trial court ruled that if the boys were to be called as witnesses, the defense would be given an opportunity to interview them before they testified.

The State did not call the boys as witnesses; instead, it presented two witnesses who testified as to the statements made by the boys shortly after the shootings. The testimony as to the boys' statements was admitted, not for the purpose of showing that the boys made statements, but for the truth of the contents of those statements. Thus, the testimony as to what the boys said was hearsay. See McCormick, Evidence § 230, at 480 (1954); 6 Wigmore, Evidence § 1746, at 134 (3rd ed. 1940).

This hearsay testimony was admitted under an established exception to the hearsay rule. Wigmore, supra, § 1745, identifies this as an exception for spontaneous exclamations. New Mexico calls it the res gestae rule. New Mexico generally follows Wigmore in the definition and application of this exception. See State v. Gunthorpe, 81 N.M. 515, 469 P.2d 160 (Ct.App.1970), cert. denied 401 U.S. 941, 91 S.Ct. 943, 28 L.Ed.2d 221 (1971), and cases therein cited. Compare with Wigmore, supra, §§ 1747–1751.

The res gestae statement is admissible as an exception to the hearsay rule because it is "particularly trustworthy," Wigmore, supra, § 1747, and because " * * * the superior trustworthiness of * * * extrajudicial statements * * * [creates] a necessity or at least a desirability of resorting to them for unbiassed [sic] testimony.

* * *" Wigmore, supra, § 1748. Wigmore, supra, § 1750, recommends that application of the res gestae exception be left to the determination of the trial court. New Mexico held, in Garrett v. Howden, 73 N.M. 307, 387 P.2d 874 (1963) " * * * that the determination of the admissibility of the testimony is a matter within the sound discretion of the trial court, and that that court's determination, in the absence of a clear abuse of discretion, will not be disturbed on appeal. * * *" See also, State v. Gunthorpe, supra.

Because of the New Mexico res gestae decisions, we proceed on the assumption that the out of court statements of the boys were admissible under the res gestae exception to the rule excluding hearsay testimony. Objecting to the admission of testimony as to the boys' statements, defendant claimed he was being deprived of the right to cross-examine the boys.

Although defendant's objection did not specifically mention the confrontation clause, the objection concerning cross-examination raised the confrontation issue. Mascarenas v. State, 80 N.M. 537, 458 P.2d 789 (1969) states: " * * * The denial of the right of an accused to fully cross-examine a hostile witness deprives him of the right guaranteed by the constitution 'to be confronted with the witnesses against him.' " (citation omitted).

The New Mexico Supreme Court held the constitutional right of confrontation was denied where a defendant was denied the right to cross-examine a co-defendant who gave damaging testimony against the defendant, State v. Martin, 53 N.M. 413, 209 P.2d 525 (1949); where testimony at a prior trial was admitted and cross-examination at the prior trial had been improperly restricted, State v. Halsey, 34 N.M. 223, 279 P. 945 (1929); and where a record of conviction of another person, for engaging in an unlawful game of chance, was admitted to prove that there had been gambling for money at defendant's trial for permitting the unlawful gambling on defendant's premises, State v. Martino, 25

N.M. 47, 176 P. 815 (1918). Compare Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890 (1899).

Although the right of cross-examination is an aspect of the constitutional right of confrontation, defendant urges that "confrontation" involves more than the right of cross-examination. He cites the U. S. Supreme Court decision of California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L. Ed.2d 489 (1970) which does appear to include more than the right of cross-examination in the confrontation clause. One item included in confrontation in California v. Green, supra, is the right of the jury to observe the demeanor of the witness in giving his testimony. This observation, of course, is denied where the out of court statement is admitted into evidence without the declarant testifying. Defendant urges this asserted "demeanor" aspect of confrontation as a matter for consideration here.

5 Wigmore, supra, §§ 1395, 1396, takes the view that confrontation is satisfied if there has been cross-examination; that the observation of demeanor on the witness stand is a result of cross-examination but is not a part of the confrontation right. The U. S. Supreme Court has indicated there is no denial of the right of confrontation by the introduction of testimony given at a prior trial, if there has been cross-examination at the prior trial and the witness is unavailable. See Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). Where prior testimony has been properly admitted, the fact finder does not have the opportunity to observe the demeanor of that witness. Thus, it may be doubted that the U. S. Supreme Court holds that "demeanor" is an aspect of the constitutional right of confrontation. New Mexico follows the Wigmore view. State v. Jackson, 30 N.M. 309, 233 P. 49 (1924). Compare State v. Bailey, 62 N.M. 111, 305 P.2d 725 (1957); State v. Holly, 79 N.M. 516, 445 P.2d 393 (Ct.App.1968). We do not consider the

fact that the jury was unable to observe the demeanor of the boys in considering the confrontation issue in this case. We consider the confrontation issue solely on the basis of the right of cross-examination.

Defendant would have had the right to cross-examine the boys concerning their out of court statements if they had been called as witnesses. Mascarenas v. State, supra; compare State v. Archer, 32 N.M. 319, 255 P. 396 (1927). Here, the boys were not called as witnesses. Because the boys did not testify, defendant was denied his right to cross-examine as to statements of the boys admitted for the truth. Yet, the statements were admissible under New Mexico's res gestae rule. Thus, we have opposing concepts—the evidentiary rule which would admit the statements, and the constitutional right of confrontation which would deny admission of the statements because defendant was deprived of his right of cross-examination.

We found no New Mexico decisions discussing these concepts when they were in opposition, and little authority outside of New Mexico. Vasquez v. State, 145 Tex. Cr.R. 376, 167 S.W.2d 1030 (1942) is similar to the factual situation in this appeal. There it was held that the right of confrontation was denied by the admission of the child's statement made under circumstances which appear consistent with New Mexico's res gestae rule. In reaching this result, the Texas court does not discuss a policy consideration involved in the res gestae rule—that of the trustworthiness of the hearsay statement. This aspect of trustworthiness was involved in Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed. 2d 213 (1970) where one of the issues discussed was an evidentiary rule of Georgia in opposition to the right of confrontation.

Dutton v. Evans, supra, involved a co-conspirator's out of court statement made during the concealment phase of the conspiracy. The statement was admissible under Georgia law. Dutton held the statement was admissible and a plurality held

there was no violation of the right of confrontation.

We resolve the confrontation issue in this case on the basis of our analysis of Dutton v. Evans, supra. In that case, Evans, Williams and Truett were charged with murder. Truett was granted immunity from prosecution in return for his testimony. Truett testified at Evans' separate trial. His testimony was that Evans and Williams committed the murders. He was one of 20 prosecution witnesses.

Another prosecution witness was Shaw. He testified that he and Williams were fellow prisoners at the time Williams was arraigned on the murder charge. Shaw testified that when Williams returned from the arraignment he asked Williams how he made out in court and that Williams replied that if it hadn't been for Evans "we wouldn't be in this now." The defense objected to Shaw testifying as to Williams' remark about Evans on the ground that it violated Evans' right of confrontation. The prosecution did not call Williams to testify in Evans' trial.

The U. S. Supreme Court resolved the confrontation question without a majority opinion. Four justices, Marshall, Black, Douglas and Brennan, were of the opinion that the admission of Shaw's testimony, about Williams' remark, violated Evans' right of confrontation because there had been no opportunity to cross-examine Williams about his purported remark. Under this view, Lunn was denied his right of confrontation.

One justice, Harlan, did not view the issue in Dutton v. Evans, supra, as involving confrontation; rather, it was a due process question. Being of the opinion there was no denial of due process, Justice Harlan concurred in the result reached by the plurality opinion of Justices Stewart, White, Blackmun and Chief Justice Burger.

The plurality opinion in Dutton v. Evans, supra, states " * * * the mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth determining process in criminal

trials * * *," and " * * * the possibility that cross-examination of Williams could conceivably have shown the jury that the statement, though made, might have been unreliable was wholly unreal." Thus, the plurality opinion seems to find no confrontation violation if the hearsay testimony is reliable and advances the accuracy of the truth determining process. In reaching this view, the plurality opinion considers four " * * * indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant." We apply the indicia of the plurality opinion to the boys' statements, but in doing so express no opinion as to whether other indicia may also be considered.

While all four of the indicia are directed to the trustworthiness of the out of court statement, the fourth seems nearest to New Mexico's res gestae rule. The fourth indicia is: " * * * the circumstances under which Williams made the statement were such as to give reason to suppose that Williams did not misrepresent Evans' involvement in the crime. * * * His statement was spontaneous, and it was against his penal interest to make it. * * *" Although we find nothing in the record indicating the boys' statements were against their interest, compare State v. Buck, 33 N.M. 334, 266 P. 917 (1927), nevertheless, we assume for this opinion only that the circumstances under which the boys made their statements meet this fourth indicia.

It is different as to the other three indicia discussed in the plurality opinion of Dutton v. Evans, supra.

The first indicia is: " * * * the statement contained no express assertion about past fact, * * *" The statements of the boys, James and Rocky, to the witnesses, Police Officer Smith and the boys' grandmother, contain expressions about past fact. Each of the boys identified Lunn as being present and James' statement to Officer Smith is that " * * *

he saw Jerry Lunn standing there with a gun in his hand."

The second indicia is: " * * * Williams' personal knowledge of the identity and role of the other participants in the triple murder is abundantly established by Truett's testimony and by Williams' prior conviction. It is inconceivable that cross-examination could have shown that Williams was not in a position to know whether or not Evans was involved in the murder. . . ." Here, it is conceivable that cross-examination could show that Rocky was not in a position to identify Lunn as the person who shot his parents. Nothing in the statements attributed to Rocky indicates Rocky personally observed what went on in connection with his parents. Rocky's statement identifies Lunn by what he heard and by looking through a window in his bedroom and seeing "Jerry's [Lunn's] new truck parked out front." Officer Smith, in his cross-examination, admitted that Rocky did not tell him that he saw Lunn.

The third indicia is: " * * * the possibility that Williams' statement was founded on faulty recollection is remote in the extreme. * * *" Here, however, possibilities of faulty recollection are established. Rocky purportedly told the officer that he awakened, overheard some conversation, looked out the window, then "heard a bomb." According to the grandmother, Rocky said "he woke up when he heard an explosion." There may be no inconsistency because apparently two shots were fired. Yet, the opportunity to determine whether the statements were consistent did not exist because defendant did not have the opportunity to cross-examine.

Further, according to the officer, James " * * * told me to ask Rocky, his brother, that his brother knew everything in his statement, * * *" According to the grandmother, after Rocky woke up from the "explosion," "James repeated what he had said to him." These quotations raise the question of whether Rocky's statements

were, in part, based on what James told him or on what he overheard. They raise the question of whether Rocky's statements were properly res gestae statements.

The first three indicia of reliability relied on by the plurality opinion in Dutton v. Evans, supra, are not met in this case. Further, the plurality opinion is based on the premise that *Dutton* did not involve crucial or devastating evidence. We have no such premise here. Apart from Gabriela Candelaria, whose credibility is attacked, the only direct evidence that Lunn did the shootings is found in the boys' hearsay statements. Compare Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

Under the criteria used in the plurality opinion in Dutton v. Evans, supra, we cannot say, on a practical basis, that the accuracy of the truth determining process was advanced by admitting the out of court statements of James and Rocky without giving the defendant an opportunity to cross-examine the boys. The possibility that cross-examination could have shown the unreliability of the statements is not "wholly unreal" in this case.

■ We hold that admission of the statements attributed to the boys was error because defendant was denied his constitutional right of confrontation, here, the right to cross-examine. We reach this result under both the four justice plurality opinion and the four justice dissenting opinion in Dutton v. Evans, supra. Our holding is limited to the circumstances of this case. Compare Territory v. Duran, 3 N.M. (Gild.) 189, 3 N.M. (John) 134, 3 P. 53 (1884). We announce no rule of general application when an established exception to the hearsay rule is opposed to the constitutional right of confrontation. When these concepts are opposed, their opposition must be resolved on a case by case basis. See plurality opinion in Dutton v. Evans, supra.

The judgments of conviction and sentences are reversed. The case is remanded

with instructions to grant Lunn a new trial.

It is so ordered.

HENDLEY, and SUTIN, JJ., concur.