642 P.2d 195
**STATE of New Mexico,**
**Plaintiff-Appellant,**

v.

**Vivian P. DOMINGUEZ,**
**Defendant-Appellee.**

**No. 5490.**

Court of Appeals of New Mexico.

Jan. 7, 1982.

Writ of Certiorari Quashed
March 18, 1982.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

William L. Lutz, Martin, Lutz, Cresswell & Hubert, P.A., Las Cruces, for defendant-appellee.

OPINION

WOOD, Judge.

The trial court suppressed defendant's statement; the State appeals. We discuss (1) custodial interrogation and (2) waiver.

The trial court found:

(a) State Police Officer Rogers received a report from the driver of a semi tractor-trailer; the report was that the driver had been fired upon from a white Cadillac.

(b) Thereafter, Luna County Sheriff's Officer Pena located a white Cadillac parked on the shoulder of the highway.

(c) Defendant was in the Cadillac; Pena requested that defendant accompany Pena to the Luna County Sheriff's Office.

(d) At the Luna County Sheriff's Office, defendant telephoned the law firm of Martin, Lutz, Cresswell and Hubert, P.A., and employed that firm to represent him "in the matter."

(e) Attorney Lutz immediately contacted Officer Rogers and the district attorney and advised them of his representation of defendant.

(f) It was decided to transport defendant to another county. "Upon arriving at the Luna County-Grant County line, Officer Pena delivered Dominguez to Officer Rogers, who for the first time read the Defendant his *Miranda* warning and rights.... At the time of this action, Officer Rogers knew that Dominguez was represented by legal counsel."

(g) "Before arriving at the Hidalgo County jail, the Defendant had stated that he did not desire to make a statement and would not do so except in the presence of his lawyers."

(h) "Thereafter, contrary to these instructions, Officer Rogers asked Dominguez to make a statement."

(i) "At the time that Officer Rogers took the written statement, he knew that Dominguez was represented by legal counsel and that Dominguez had refused to give a statement."

(j) "That neither the District Attorney's office nor the New Mexico State Police contacted Dominguez' attorneys before communicating with Dominguez to get a statement."

The trial court concluded that defendant's written statement "was given in contravention of his rights to counsel"; that defendant "did not knowingly and voluntarily waive his right to counsel * * *."

Our calendar assignment proposed summary affirmance of the suppression order on the basis of *State v. Showalter*, 94 N.M. 663, 615 P.2d 278 (Ct.App.1980) and *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The State opposes summary affirmance.

*Custodial Interrogation*

■ *State v. Word*, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969), applied *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), and held that if a defendant indicates that he wishes to consult with an attorney before speaking, there can be no questioning. Consistent with *State v. Word*, supra, *State v. Showalter*, supra, held: "Because the police ignored defendant's request for an attorney and continued the interrogation, the trial court properly suppressed the statements."

Seeking to avoid the applicability of *Word* and *Showalter*, the State asserts those decisions apply only to custodial interrogation and there was no interrogation in this case. It is undisputed that defendant was in custody when Officer Rogers "asked Dominguez to make a statement." *State v. Ferrari*, 80 N.M. 714, 460 P.2d 244 (1969), following *Miranda*, supra, refers to "interrogation" in the sense of questions "designed to elicit incriminating responses" or questions "likely to have that effect". *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), states: "A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation." Asking defendant to "make a statement" was designed to elicit an incriminating response; there was interrogation under *State v. Ferrari*, supra, and *Rhode Island v. Innis*, supra.

594

*Waiver*

■ Defendant had stated that he did not desire to make a statement and would not do so except in the presence of his lawyers. *Miranda,* supra, held that if interrogation continues without the presence of an attorney and a statement is taken, the government must meet the "heavy burden" of demonstrating a waiver of the right to counsel.

The State contends either that there was a waiver in this case, or that waiver is a factual issue which prevents a summary disposition. The "facts" which the State contends require reassignment of the case to the Limited Calendar are: (a) defendant's statement was made three and one-half hours after defendant stated he would only make a statement in the presence of counsel; (b) Officer Rogers did no more than ask defendant to make a statement; (c) defendant is a self-made businessman with a variety of business interests, fluent in English and Spanish, familiar with the legal system and knowledgeable in the use of professional advisers. The State asserts that under *State v. Greene,* 91 N.M. 207, 572 P.2d 935 (1977), "the totality of the circumstances indicate a knowing and intelligent waiver such that the statement was, in fact, voluntary."

When *State v. Greene,* supra, was decided, the United States Supreme Court had not decided a waiver of the right to counsel after that right was invoked. *Edwards v. Arizona,* supra, has decided this question. In *Edwards,* Arizona courts utilized a totality of the circumstances approach.

(a) *Edwards* held that a finding of a voluntary statement does not dispose of the question of whether there has been a waiver of the right to counsel:

[T]he voluntariness of a consent or an admission on the one hand, and a knowing and intelligent waiver on the other, are discrete inquiries. Here, however sound the conclusion of the state courts as to the voluntariness of Edwards' admission may be, neither the trial court nor the Arizona Supreme Court undertook to focus on whether Edwards understood his right to counsel and intelligently and knowingly relinquished it. It is thus apparent that the decision below misunderstood the requirement for finding a valid waiver of the right to counsel, once invoked.

(b) *Edwards,* supra, states:

[A]lthough we have held that after initially being advised of his *Miranda* rights, the accused may himself validly waive his rights and respond to interrogation, see *North Carolina v. Butler,* supra [441 U.S. 369], at 372–376, 60 L.Ed.2d 286, 99 S.Ct. 1755 [at 1756–1759] the Court has strongly indicated that additional safeguards are necessary when the accused asks for counsel; and we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police.

*Edwards,* supra, is controlling. Even if the facts revealed by a transcript, upon reassignment to a Limited Calendar, showed that defendant's written statement was voluntary, there is no dispute that defendant's written statement was in response to Officer Rogers' request that defendant make a statement; defendant did not initiate the exchange. This fact, under *Edwards,* supra, prevents a finding of a valid waiver. Compare *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

The order suppressing defendant's written statement is affirmed.

IT IS SO ORDERED.

WALTERS, C. J., and HENDLEY, J., concur.