643 P.2d 287

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Frankie BARELA, Defendant-Appellant.**

**Nos. 5385, 5417.**

Court of Appeals of New Mexico.

March 18, 1982.

Norman D. Bloom, Jr., Fettinger & Bloom, Alamogordo, for defendant-appellant in No. 5385.

John B. Bigelow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for defendant-appellant in No. 5417.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

These are appeals from defendant's conviction of aggravated battery and sentencing as an habitual offender. We have consolidated them for decision. We reverse the conviction on the underlying offense and vacate the habitual sentence.

The issues on the substantive conviction are whether the trial court erred in admitting evidence of an out-of-court identification of defendant's photo by the victim when the victim in the case had died before trial; and whether, absent the identification, there was sufficient evidence to convict.

We vacate the sentence imposed, but since the case will be retried, we discuss the issues raised on sentencing of defendant as an habitual offender.

### A. Identification Evidence.

The victim in this case was stabbed on Christmas Eve. He was an old man; he was "real sick." He died four days later. Because the State did not believe that the stabbing was the cause of death, or because the connection between the stabbing and death was speculative, the charge was aggravated battery.

On December 26, after the investigation had focused to some degree on defendant and after the victim had recovered sufficiently to have visitors, the detective in charge of investigating this case went to the hospital to interview the victim. He showed the victim a photo array. Over defendant's objection of hearsay and denial of confrontation rights, the detective was allowed to testify that the victim identified the defendant.

At trial, the State justified admission of this evidence under N.M.R.Evid. 804(b)(2) [recent perception], 804(b)(3) [dying declaration], and 804(b)(6) ["other exceptions"]. The trial court specifically ruled that the victim's statement was not made at a time he believed his death was imminent, and on appeal the State does not argue admissibility of the evidence as a dying declaration.

Rather, it urges the correctness of the trial court's ruling that it was a statement of recent perception admissible under Rule 804(b)(2), and its admissibility, as well, under Rule 804(b)(6).

Rule 804(b)(2) provides:

(2) Statement of recent perception. A statement, not in response to the instigation of a person engaged in investigating, litigating or settling a claim, which narrates, describes or explains an event or condition recently perceived by the declarant, made in good faith, not in contemplation of pending or anticipated litigation in which he was interested, and while his recollection was clear.

Rule 804(b)(2) will operate sparingly in criminal cases because of the defendant's constitutional right to confront his accuser and his inability to test the reliability of declarant's statement by cross-examination. *See State v. Martinez,* 95 N.M. 445, 623 P.2d 565 (1981); 4 Weinstein's Evidence (1981), 804–140, 141, ¶ 840(b)(5)[03]. It is plain that the statement in this case was made at the instigation of an investigator in contemplation of litigation. The exception was inapplicable in this case.

*State v. Maestas,* 92 N.M. 135, 584 P.2d 182 (Ct.App.1978), approved the use of Rule 804(b)(2) in criminal cases. The essential difference between *Maestas* and this case, however, is that the hearsay in *Maestas* was told to relatives of the victim and was not instigated by questions from investigating police officers.

The State's only answer to defendant's challenge of Rule 804(b)(2)'s applicability is that the trial court did not abuse its discretion in allowing the victim's identification of defendant because it was not made "in direct response to the instigation" of the detective. In *State v. Dominguez,* 642 P.2d 195 (Ct.App.1982), the state made the similar argument that requesting a statement from defendant was not "interrogation." We rejected the State's argument in that case, as we do now. The officer here went to the victim's hospital room for the pur-

pose of obtaining a statement and identification of the assailant. Unmistakably, the identification was made at the instigation of the officer; the hearsay exception of Evidence Rule 804(b)(2) is inapplicable.

■ The State also urges admissibility under Evidence Rule 804(b)(6), the "catch-all" for hearsay exceptions not otherwise specifically covered. Defendant argues that he was not given the advance notice required under that exception, and that there were no circumstantial guarantees of reliability justifying admission. Defendant filed a motion in limine seeking to exclude the evidence and it was heard some three months in advance of trial. This is evidence of sufficient advance notice. The "circumstantial guarantees of trustworthiness" are not so apparent.

■ Evidence Rule 804(b)(6), like Rule 803(24), cannot be read to mean that hearsay which almost, but not quite, fits another specific exception, may be admitted under the "other exceptions" subsection of either rule. Judge Weinstein explains that these "catch-all" provisions resulted from recognition by the Supreme Court (which promulgated the identical federal rule) and the Congress (which adopted it) that "not every contingency can be treated by detailed rules, that * * * it would be presumptuous to assume that all possibilities and new developments have been foreseen. * * *" *Weinstein's Evidence, supra*, at 803–286. We believe the "other" hearsay exceptions of Rules 803 and 804, *supra*, must be even "far more stringently" employed in criminal cases particularly because of the confrontation clause of the Sixth Amendment, than in civil matters. See *Weinstein's, supra*, at 800–17.

■ Citing his right to confrontation and the inapplicability of the recent perception exception, defendant challenges the sufficiency of indicia of reliability to bring the detective's hearsay evidence within the exception of Rule 804(b)(6), *supra*. We reject the State's answer that the officer was subject to cross-examination and that his testimony was corroborated by the circumstantial evidence in the case, as reflecting a misconception of the hearsay rule.

It is not the officer whose reliability is attacked; it is the reliability of the victim's identification that cannot be reached by cross-examination. *See* discussion of scope of cross-examination of which defendant was deprived when this same issue was raised in *State v. Lunn*, 82 N.M. 526, 484 P.2d 368 (Ct.App.1971).

The suggestion that corroboration is an indicator of an absent declarant's reliability does not account for or explain the distinctions of the kinds of circumstances that allow the rationale of corroboration. For instance, one ordinarily does not make an excited utterance unless it is true; one usually doesn't incriminate himself unless it is true. It cannot be said that witnesses do not frequently make identifications that are not correct.

Indeed the potential inaccuracy of the identification process itself makes it subject to its very own hearsay rule, and it is that specific rule which must be applied in this case. N.M.R.Evid. 801(d)(1)(C), N.M.S.A. 1978, permits admission of a statement of identification, providing the declarant testifies at the trial or hearing and is subject to cross-examination. The proviso that the declarant be subject to cross-examination is the fundamental safeguard in admitting evidence of out-of-court identifications. *Louissell and Mueller, Federal Rules of Evidence* 212, § 421, (1980). See also *Weinstein's, supra*, 801(d)(1)(C)[01] at 801–126.

Section 16 of the annotation at 71 A.L. R.2d 449, "Extrajudicial Identifications," deals with a third person's testimony of another's identification of the accused. The annotation's later case service and supplement contain comments on thirty cases, fifteen of which upheld the admission of the third person's testimony when the identifier was available for cross-examination. Three cases held that admission was error even when the identifier was present; one decision was upheld on ground of harmless error; and two cases were affirmed on the limited facts of those cases (in one, defendant was the proponent of the evidence).

Eight cases, however, reversed the admission of the third person's testimony when, like here, the identifier was not subject to cross-examination. Those eight cases include three which are "on all fours" with this case, where the identifier died: *People v. Mayfield*, 23 Cal.App.3d 369, 100 Cal. Rptr. 104 (1972); *People v. Howard*, 599 P.2d 899 (Colo.1979); and *People v. Owens*, 32 Ill.App.3d 893, 337 N.E.2d 60 (1975).

In only one case where the identifier was unavailable, *State v. Simmons*, 98 N.J.Super. 430, 237 A.2d 630 (1968), aff'd 52 N.J. 538, 247 A.2d 313, was admission of a third person's hearsay testimony upheld, and that case appeared to recognize an adoptive admission rationale. *See* N.M.R.Evid. 801(d)(2)(B), N.M.S.A. 1978. There, the defendant raped a deaf-mute child who had been declared incompetent as a witness at trial. The child's brother, who was babysitting at the time of the crime, knew the defendant and led the police to him. The defendant was then taken to the child who pointed to her genitals and then pointed to defendant. Defendant did not say anything. The instant case bears no similarity whatever to *Simmons, supra*.

Rule 801(d)(1)(C) requires the identifier to be subject to cross-examination because of the special problems and dangers existent in eyewitness identifications. *See Weinstein, supra*, at 801–128, –129. The examination contemplated would include matters outlined in *State v. Nolan*, 93 N.M. 472, 601 P.2d 442 (Ct.App.1979) [relying on *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) ], such as the opportunity of the identifier to view the criminal at the scene of the crime, the condition of the witness's eyesight, his degree of attention, the suggestiveness of the identification, and other similar inquiries. So crucial is examination of these factors that Judge Weinstein suggests that the requirement of cross-examination concerning the statement, in Rule 801(d)(1), should lead to exclusion of the hearsay statement when the identifier denies everything or claims that he cannot remember the circumstances of the previous identification. *Weinstein, supra*, at 801–130 to 801–132. Even though defendant makes no contention that the photo array procedure itself was impermissibly suggestive, he still has no means of examining the identifier on the other questions which could cast doubt on the accuracy of the identification.

We conclude that, when analyzed under the guidelines of *State v. Lunn, supra*, defendant was denied his right of confrontation. Additionally, we hold that the identification not only did not fit within any hearsay exception, but appears to be specifically excluded by Rule 801(d)(1)(C), *supra*. Consequently, it was inadmissible hearsay. Since there was sufficient independent evidence to permit the case to go to the jury, we remand for a new trial in which the challenged evidence shall be excluded.

### B. *Habitual Sentence.*

#### (1) *Evidence of unrelated convictions.*

Defendant was charged in Cause No. 5417 with being an habitual offender on the basis of four prior convictions. A deputy district court clerk testified regarding court records of six prior convictions. Documents relating to two of the convictions were not moved into evidence; defendant did not object during her testimony. N.M.R.Evid. 103, N.M.S.A. 1978. Even if objections had been made, evidence of extraneous charges does not prejudice an habitual defendant when the jury knows that the charge is based on repeat offenses and the only question for it to decide is defendant's identity. *State v. Nelson*, 96 N.M. 654, 634 P.2d 676 (1981).

#### (2) *Sufficiency of the evidence.*

Defendant contends corroboration evidence of his identity was necessary for conviction. In *State v. Padilla*, 92 N.M. 19, 582 P.2d 396 (Ct.App.1978), the defendant unsuccessfully appealed on the ground that his identity had been established on the basis of fingerprint and penitentiary records. Here, defendant claims that such records are necessary and more reliable than

the five police officials who testified regarding their personal knowledge of and connections with the prior convictions, and identified defendant as the person previously convicted.  As the court below noted in ruling upon defendant's motion for a directed verdict, all of the prior convictions arose in Otero County, "and the proof is amazing."  There was sufficient proof of the charge.  *State v. Valenzuela*, 94 N.M. 285, 609 P.2d 1241 (Ct.App.1979).  However, because of our reversal of the underlying charge, it is necessary to vacate the proceedings, judgment and sentence in Cause No. 5417.

The conviction and sentence in Cause No. 5385 are reversed and remanded for a new trial;  the habitual sentence in Cause No. 5417 is vacated.  IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.