658 P.2d 428

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Angel MARTINEZ, Defendant-Appellant.**

**No. 14475.**

Supreme Court of New Mexico.

Feb. 10, 1983.

Mary Lou Carson, Flagstaff, Ariz., Michael Dickman, Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

PAYNE, Chief Justice.

On July 16, 1982, the district court of Bernalillo County convicted Angel Martinez of felony murder, aggravated burglary, armed robbery and contributing to the delinquency of a minor. She appeals these convictions and raises six arguments in her defense.

### I.

Martinez argues that the trial court abused its discretion when it failed to control her emotional outbursts in front of the jury. After her first outburst, Martinez' attorney moved for a mistrial on the ground that her actions were so outrageous that she could not receive a fair trial. The trial court denied the motion and admonished the jury to totally disregard the outburst.

Martinez' second outburst in front of the jury occurred after the prosecutor, in her closing statement, said "I give you the woman who's responsible for the death." The trial court admonished the jury to totally disregard the outburst. Shortly after the second outburst, and after the jury left the courtroom, Martinez threatened the prosecutor with physical harm. Essentially, Martinez claims she had a right to be removed from the courtroom at the time of her outburst. We note that a defendant has a right to be present at trial, but no right to be removed from the courtroom. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). In *Allen,* the Supreme Court held that a defendant can lose his right to be present at trial if, following the judge's warning that he will be removed if his disruptive behavior continues, he nevertheless insists upon continuing his disruptive conduct. Generally, as soon as the defendant is willing to properly behave himself, he can reclaim his right to be present. After her first outburst, Martinez apologized to the court and calmed down. By the time the second outburst occurred, the trial had almost concluded and there was no need for her removal. We also note that although Martinez motioned for a mistrial, neither she nor her attorney ever asked to be removed from the courtroom. We have previously held that the decision to grant or deny a request for mistrial is left to the sound discretion of the trial court. *State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979). We find that the trial court's admonition after Martinez' first outburst was sufficient to purge the jury of any possible prejudice. As for the second outburst, it occurred at the very conclusion of trial and was properly dealt with by the trial court when it instructed the jury. Thus, we find there was no error in the manner in which the trial court handled the situation.

### II.

Martinez also argues that there was prosecutorial misconduct when the prosecutor referred to her as a "chola punk" in closing arguments. We recognize that this type of remark is inappropriate and should not have been made. However, we do not believe this remark is sufficient to warrant

a new trial. *See State v. Vigil,* 86 N.M. 388, 524 P.2d 1004 (Ct.App.), *cert. denied,* 86 N.M. 372, 524 P.2d 988 (1974). This is especially true in light of the fact that the trial court strongly reprimanded the prosecutor for the remark and it instructed the jury to disregard it. We conclude that any prejudice which occurred as a result of the comment was adequately cured by the trial court's admonition.

## III.

Martinez also contends that the result of the prosecutor standing in the line of vision between herself and a particular witness on the stand deprived the defense of its right to observe the demeanor of the witness, thus resulting in prosecutorial misconduct.

■ The record indicates that Martinez' objection to the prosecutor's alleged activity was made outside the presence of the jury, and that even though Martinez' objection was overruled, the trial court instructed the prosecutor to stand behind the podium for the remainder of the examination. The record also indicates that the prosecutor fully complied with the trial court's admonition and stood behind the podium for the remainder of the examination. We find that the manner in which the trial court handled the prosecutor's alleged conduct eliminated any prejudice which might have occurred. We also recognize that there is a distinction between the demeanor observation of a witness from the right to confront the witness. In *State v. Lunn,* 82 N.M. 526, 484 P.2d 368 (Ct.App. 1971), the court states:

> that the observation of demeanor on the witness stand is a result of cross-examination but is not a part of the confrontation right. Where prior testimony has been properly admitted, the fact finder does not have the opportunity to observe the demeanor of that witness. Thus, it may be doubted that ... demeanor is an aspect of the constitutional right of confrontation.

*Id.* at 528, 484 P.2d 368. Because Martinez conducted a thorough examination of the witness, we find none of her rights were violated. Thus, we find no error.

## IV.

■ Martinez' fourth argument is that fundamental error occurred when the trial court allowed witness Torrez to testify after his statement was read into the record because Martinez could not have cross-examined the statement when it was introduced.

At trial, Torrez was called to the stand to testify concerning a statement given to police. However, when placed on the stand, he declined to testify and was cited for contempt. The statement he had given to police was then admitted and read to the jury. We hold that the statement is admissible. Pursuant to N.M.R. Evid., 804(a)(2), N.M.S.A.1978, the declarant of this statement was unavailable in that he refused to testify concerning the subject matter of his statement, despite a court order to do so. Later in the trial, Torrez agreed to testify and did so without objection from Martinez. After Torrez' testimony, Martinez had the opportunity to fully cross-examine the witness concerning the statement. Thus, Martinez' claim that she could not cross-examine the statement's content must fail.

## V.

■ Next, Martinez contends that her confession to the District Attorney's office was not voluntary. On May 5, 1981, Martinez, against the advice of her attorney, called the District Attorney's office and offered to plead guilty to the murder on the condition that her sentencing be held immediately and that certain co-defendants be released. The District Attorney's office then informed Martinez that it would review the statement and decide what agreement to make with her. Martinez then confessed, however, her sentencing did not occur immediately. On May 7, her attorney

filed an affidavit stating that he had not given permission for Martinez' confession to be taken. That same day, the court sealed her confession. She argues that her confession was involuntary because her unilateral requests were conditions precedent which never occurred. This argument is not supported by the record. The record indicates that the reason the prosecution did not sentence Martinez immediately after her confession was because Martinez' motion to suppress her confession slowed the handling of the case. Until this Court disposed of this motion and Martinez' interlocutory appeal, the proceedings in the district court were stayed. N.M.R. Crim.App. 203(d), N.M.S.A.1978. We find it noteworthy that it was Martinez' affidavit, filed two days after the May 5 confession, which precluded the State from proceeding with the case and sentencing her immediately. Additionally, Martinez was repeatedly given her *Miranda* rights. She was also urged to talk to her attorney before she made the statement. However, Martinez repeatedly insisted on making the statement, contrary to the advice of her attorney. Thus, we find no evidence to support Martinez' claim that her statement was involuntary.

### VI.

Martinez' final assertion is that the trial court abused its discretion by refusing to sequester the jury during the second day of their deliberations after the media coverage of Martinez' threats to the prosecutor. After the jury retired for deliberations, Martinez threatened the prosecutor with physical harm. The media covered the incident that afternoon and the following morning in local newspapers and on television. Concerned about the possible influence the media coverage might have on the trial, Martinez motioned to sequester the jury. The court denied the motion, and the jury returned a verdict the following morning. As a reviewing court, we are bound by law which states that the extent of voir dire is left to the sound discretion of the trial court and limited only by the essential demands of fairness. *United States v. Crawford*, 444 F.2d 1404 (10th Cir.1971), *cert. denied*, 404 U.S. 855, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971); *see also State v. Rodriquez*, 94 N.M.. 801, 617 P.2d 1316 (1980). Therefore, we will not overturn the decision of the trial court absent a clear abuse of discretion. *Grammer v. Kohlhaas Tank & Equipment Co.*, 93 N.M. 685, 604 P.2d 823 (Ct.App.1979). In the instant case, media was allowed into the courtroom and the trial court admonished the jury as to its responsibility. Nothing in the record indicates that any of the jurors knew of the threats. We find no evidence to suggest that the jury failed to perform its duty to give Martinez a fair and impartial trial. Thus, we hold that the trial court did not abuse its discretion in refusing to voir dire the jury on the second day of deliberation.

### VII.

Accordingly, we affirm Martinez' convictions for felony murder, armed robbery, aggravated burglary and contributing to the delinquency of a minor.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.