900 P.2d 969

**Socorro PADILLA, Plaintiff–Appellant,**

**v.**

**James M. HAY, Defendant–Appellee.**

**No. 15582.**

Court of Appeals of New Mexico.

May 31, 1995.

Certiorari Denied July 12, 1995.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Manuel J. Lopez, Las Cruces, for plaintiff-appellant.

Lawrence R. White, Karen L. Acosta, Miller, Stratvert, Torgerson & Schlenker, P.A., Las Cruces, for defendant-appellee.

## *OPINION*

WECHSLER, Judge.

Socorro Padilla won a $19,000 jury verdict in a personal injury suit. She appeals from evidentiary rulings of the trial court excluding certain medical bills on the grounds that their statements constitute hearsay. Be-

cause the admission of the bills was contested and she failed to lay a foundation under an exception to the hearsay rule, we affirm.

## Facts

Padilla was injured in an automobile accident involving James Hay. Hay admitted that the accident was his fault and that Padilla should be compensated. During the trial, Padilla was asked to identify a number of medical bills. Because of Defendant's hearsay objection, the judge did not permit her to identify them. In most of these instances, the bills were presented to Padilla for the purpose of refreshing her memory as to the exact dates she visited certain doctors. The judge eventually ruled that the specific dates of her visits were not relevant.

Later in the trial, Padilla called to the stand Dr. Joshua Goldman, a neurologist, who was one of her treating physicians. He reviewed the medical records from Padilla's other health care providers and testified that the services of those providers were "appropriate." He also testified that Padilla's medical condition was causally related to the automobile accident. Dr. Goldman was asked if he recalled how much the other doctors charged Padilla. In the face of an objection by the defense, Padilla's attorney said that he was laying a foundation for Goldman's opinion about the reasonableness of the fees the other doctors charged. The judge sustained the objection. After initially refusing to allow a question about Goldman's opinion as to the reasonable costs of the services provided by the doctors, the judge ruled that Goldman could give his opinion on the necessity of the services of other providers, which services he had reviewed, and the reasonableness of the charges for those services, but that he could not state the amounts of the bills. Padilla's counsel did not ask again what the reasonable value of the services was, but rather asked whether the $275 charge on a particular bill was reasonable. The judge reiterated that counsel could not admit the amounts of the bill through Dr. Goldman.

Before Padilla rested her case, her counsel made a tender to the court asking permission for Padilla to identify the bills. He said he needed her identification of the bills so that Goldman could testify as to the reasonableness of their amounts. Hay argued that the bills are hearsay and could only be introduced under the business-records exception, SCRA 1986, 11–803(F) (Repl.1994), which requires the bills to have been made in the regular course of business, at or around the time the services were rendered, and be introduced by a witness who is knowledgeable as to the contents of the bills. Padilla countered that by identifying the bills she could authenticate them as having been received by her and that Goldman, who had already testified to the appropriateness (necessity) of the services, could then testify that the amounts of the bills were reasonable. Her attorney conceded that the bills are hearsay, but he believed he could avoid the hearsay problem, because he would not be offering the bills through Padilla for their contents. He took the position that Padilla would merely testify that she received the bills in the mail, and the bills would be admissible through Goldman. The judge ruled that the identification itself would not be a problem, but the later use of the bills so that Goldman could testify about the amounts of the bills would be hearsay. Therefore, the judge refused to allow the identification. Padilla never offered to testify directly as to the amounts of the bills.

## Discussion

Padilla argues for reversal on two grounds: (1) that Hay's evidentiary objections were general and should have been treated as if he had made no objections at all; and (2) that a non-treating physician should be allowed to testify to the costs of the medical services of other physicians for the purpose of evaluating the reasonableness of those costs. Padilla's argument regarding the generality of Hay's objections is without merit. She relies on SCRA 1986, 11–103(A)(1) (Repl.1994) and State v. Zarafonetis, 81 N.M. 674, 676, 472 P.2d 388, 390 (Ct.App.), cert. denied, 81 N.M. 669, 472 P.2d 383 (1970). Under SCRA 11–103(A)(1), we will find no error in a ruling admitting evidence unless the party opposing the ruling timely objects and states "the specific ground

of [the] objection." However, the rule does not apply to this case, because the trial court excluded the evidence in question rather than admitting it. *Zarafonetis* is equally inapplicable, because the trial court in that case admitted the evidence over the appellant's objection. *Id.* at 676, 472 P.2d at 390.

■ Padilla did not directly address the hearsay issue. She needed to show either that the bills were not hearsay or that some exception to the hearsay rule applied. She did neither.

Hearsay is an out-of-court statement, "offered in evidence to prove the truth of the matter asserted." SCRA 1986, 11–801(C) (Repl.1994). The contents of the medical bills that Padilla wanted to offer through Dr. Goldman are statements that were made out of court. Padilla offered them so that Dr. Goldman could express his opinion regarding the reasonableness of the charges stated in the bills. *See* SCRA 1986, 13–1804 (Repl. 1991) (damages include "[t]he reasonable expense of necessary medical care, treatment and services[1] received"). However, for Goldman to be able to express such an opinion, and for the jury to make a determination regarding the reasonableness of the medical expenses, the amounts of the bills would have to be before the jury, either by admission of the bills themselves or through the testimony of a witness. Goldman's opinion regarding the reasonableness of the bills would be pointless unless the jury could assume that the bills provided accurate statements of the medical expenses incurred by Padilla. Furthermore, Padilla's chief complaint on appeal is that her damage award did not include the medical expenses reflected in the excluded bills. Thus, we conclude that the bills were offered for the truth of the statements contained in them.

Hearsay is inadmissible unless it meets the requirements of an exception provided by the Supreme Court or by statute. SCRA 1986, 11–802 (Repl.1994). The purpose of the exceptions is to allow the admission of certain categories of hearsay that have circumstantial guarantees of trustworthiness. *See*

SCRA 11–803(X). Under each exception to the hearsay rule, the party seeking to admit the hearsay testimony must lay a foundation which provides the required quantum of trustworthiness. *See* SCRA 11–803(A) to (W). Padilla points to no rule or statute that provides an exception that would have alleviated the trial court's concern for trustworthiness. Instead, she argues that under New Mexico case law, to admit the bills, she only needed to show that they reflect medical services made reasonably necessary by her automobile accident. However, none of the cases she cites discusses whether the contents of the bills are hearsay.

In *Frei v. Brownlee,* 56 N.M. 677, 688, 248 P.2d 671, 678 (1952), the trial court admitted a medical bill over the objection of the defendant that the plaintiff had not shown that the services reflected in the bill were related to the injuries that the plaintiff had received. The Supreme Court held that the bill should have been excluded until it could be shown that the services were for a condition caused by the plaintiff's injuries. *Id.* at 689, 248 P.2d at 678–79. However, we cannot infer from this holding that a plaintiff need *only* make such a showing. Defendant apparently offered no hearsay objection. Two other cases cited by Padilla, *Scott v. Transwestern Tankers, Inc.,* 73 N.M. 219, 387 P.2d 327 (1963), and *Pritchard v. Halliburton Servs.,* 104 N.M. 102, 107, 717 P.2d 78, 83 (Ct.App.), *cert. denied,* 103 N.M. 798, 715 P.2d 71 (1986), involved plaintiffs who attempted to show that the amounts of certain medical bills were reasonable. What distinguishes those cases is that the amounts of the bills were not in dispute.

In *Casaus v. Levi Strauss & Co.,* 90 N.M. 558, 561–62, 566 P.2d 107, 110–11 (Ct.App.), *cert. denied,* 90 N.M. 636, 567 P.2d 485 (1977), this Court held that medical bills are admissible on the showing that the services for which the injured party was billed were reasonably necessary as a result of the injury. *Id.* However, the reasonableness of the amounts of the bills was not in dispute, there is no indication that a hearsay objection was

1. We reiterate that the necessity of the services stated in the various medical bills was not in dispute.

interposed, and the issue was whether a non-treating physician could testify as an expert that the services in question were made necessary by the injury. *Id.*

Few jurisdictions have addressed the question of whether an amount stated in a medical bill is hearsay when a party is offering the bill to prove that party's actual medical expense. Some jurisdictions provide a statutory exception to the hearsay rule for medical bills. For example, Massachusetts allows the admission of bills for medical services "as evidence of the fair and reasonable charge for such services." Mass.Ann.Laws ch. 233, § 79G (Law. Co-op. 1986 & Cum.Supp.1995). New Mexico has no such statute. One of the requirements of the Massachusetts statute is that the party offering a medical bill give the opposing party written notice of its intent to offer the bill at least ten days before the trial. *Id.* The only support we have found for Padilla's argument in a jurisdiction without a statute such as the one in Massachusetts is a 4–3 opinion of the Virginia Supreme Court. *Walters v. Littleton,* 223 Va. 446, 290 S.E.2d 839 (1982). *Walters* held that medical bills offered by a plaintiff who testified about the provision of medical services reflected by the bills were not hearsay because the bills represented the charges themselves and not merely reports of what the providers charged. *Id.,* 290 S.E.2d at 841. However, the *Walters* Court provided little in the way of reasoning to support its holding, and we decline to follow it.

We believe that the appropriate rule regarding medical bills is that the bills are hearsay when offered to prove the expenses reflected by them. We agree with Chief Justice Traynor, writing for the California Supreme Court, in a case involving invoices, bills, and receipts for repairs, in which he stated that "[s]ince invoices, bills, and receipts for repairs are hearsay, they are inadmissible independently to prove that liability for the repairs was incurred, that payment was made, or that the charges were reasonable." *Pacific Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.,* 69 Cal.2d 33, 69 Cal.Rptr. 561, 567, 442 P.2d 641, 647 (1968) (en banc) (bills are admissible for limited purpose of corroboration only if party testifies that liability was incurred or discharged).[2]

As stated in 5 Marilyn Minzer et al., *Damages in Tort Actions* § 43.05[2] (1994):

Medical bills may be introduced as regularly kept business records under hearsay exceptions accorded either by the Uniform Business Records as Evidence Act or Rule 803(6) of the Federal Rules of Evidence. If offered as a business record, the proponent must introduce them through a records custodian or other qualified person competent to testify as to their authenticity.

Medical bills are often introduced in conjunction with the testimony of the plaintiff, in which case they cannot be characterized as business records. That situation, however, seems to be covered by Rule 803(24) of the Federal Rules of Evidence, which is known as the catch-all or residual exception, and which permits the admission of nonspecified categories of hearsay having circumstantial guarantees of trustworthiness. Admission under this exception is conditioned on the court's determining that the statement: (1) "is offered as evidence of a material fact"; and (2) "is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." In addition admission of the statement must be found to serve "the general purposes of these rules and the interest of justice." [Footnote omitted.]

■ Padilla did not avail herself of the avenues discussed by Minzer to relieve her

---

2. Language in *Pacific Gas & Electric Co.* was the basis for an opinion by the California Court of Appeal determining that medical bills, although hearsay when offered to prove medical expenses, were properly admitted to corroborate the plaintiffs' testimony when "each plaintiff identified his bills individually, stating what each was for and the amount of each which had been paid." *Rodgers v. Kemper Constr. Co.,* 50 Cal.App.3d 608, 124 Cal.Rptr. 143, 154 (1975). Padilla neither testified nor made an offer of proof concerning the amounts of her individual bills. Had she testified that she had incurred or paid a debt to each of her health care providers, stating the amounts of each of those debts, the bills would have been corroborative of her testimony and, therefore, admissible for the limited purpose of corroboration.

hearsay problem. She did not create a predicate to argue admissibility of the bills as business records (or as corroborative evidence as discussed by the California courts). Nor did she argue New Mexico's equivalent to the catch-all exception to the hearsay rule. SCRA 11–803(X).[3] To invoke this exception, Padilla would have had to provide notice to Hay sufficiently in advance of the trial so that Hay would have the opportunity to argue against admissibility. SCRA 11–803(X)(3). We point out that this notice provision serves the same purpose as the notice provision in the Massachusetts statute.

### Conclusion

As Padilla did not provide the basis for the trial court to conclude that the medical bills carried a sufficient guarantee of trustworthiness, we cannot conclude that the trial judge abused his discretion.

We affirm the decision of the trial court.

**IT IS SO ORDERED.**

DONNELLY and BOSSON, JJ., concur.

**3.** We are mindful of our statement in *State v. Barela*, 97 N.M. 723, 726, 643 P.2d 287, 290 (Ct.App.1982), that the catch-all hearsay exception "cannot be read ... that hearsay which almost, but not quite, fits another specific exception," may be admitted under the catch-all exception. If offered through Plaintiff's testimony, the medical bills are not the subject of the business-records exception. *See* Minzer, *supra*, § 43.05[2].