This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,221**

**MIGUEL OSORNIO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals his convictions for aggravated assault with a deadly weapon and resisting, evading or obstructing an officer. [MIO 1] We proposed to affirm in a notice of proposed summary disposition, and pursuant to an extension, Defendant

has filed a timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we affirm his convictions.

**Limitation on Voir Dire**

Defendant claims that the district court denied him a fair trial by limiting his voir dire to fifteen minutes. [MIO 2-4] In our notice of proposed summary disposition, we observed that it is within the discretion of the district court as to whether to permit attorneys to examine prospective jurors. Rule 5-606(A) NMRA ("The court may permit the parties or their attorneys to conduct the examination of prospective jurors or may itself conduct the examination."). Moreover, the extent of the voir dire examination is within the district court's discretion. *See State v. Martinez*, 99 N.M. 353, 357, 658 P.2d 428, 432 (1983).

In our notice, we also observed that Defendant did not suggest that the time allotted to him was different or less than the time allotted to the State, and he failed to make any showing that he was prejudiced by the limitation on the amount of voir dire. *See State v. Fernandez*, 117 N.M. 673, 676, 875 P.2d 1104, 1107 (Ct. App. 1994) (recognizing that a restriction on a party's voir dire by the court will not constitute reversible error unless the defendant shows he was prejudiced by the restriction). Given that Defendant failed to show that he was prejudiced by the limitation on voir dire and given that the district court is not required to allow any

specific amount of time for examination of prospective jurors, we proposed to hold that the court did not abuse its discretion in limiting voir dire to fifteen minutes and thus proposed to affirm on this issue. *See Martinez*, 99 N.M. at 357, 658 P.2d at 432 (recognizing that "the extent of voir dire is left to the sound discretion of the trial court and limited only by the essential demands of fairness"); *see also State v. Martinez*, 2002-NMCA-036, ¶¶ 31-35, 131 N.M. 746, 42 P.3d 851 (holding that the district court did not abuse its discretion in limiting the defendant's voir dire in keeping with its general policy of limiting voir dire to fifteen minutes per side in the absence of a specialized showing that additional time was needed).

In his memorandum in opposition, Defendant fails to rebut our observations as to a lack of prejudice. [MIO 3-4] Moreover, he has failed to convince us that the district court abused its discretion in limiting voir dire. [MIO 3-4] Therefore, we affirm on this issue.

**Lesser Included Offense Instruction**

Defendant contends that the district court erred in refusing to instruct the jury on disorderly conduct as a lesser offense of aggravated assault with a deadly weapon. [MIO 4-7] *See* NMSA 1978, § 30-20-1 (1967). "A defendant is entitled to have the jury instructed on his theory of the case if that theory is supported by the evidence." *State v. Nieto*, 2000-NMSC-031, ¶ 15, 129 N.M. 688, 12 P.3d 442. "In order to

obtain an instruction on a lesser included offense, there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (alteration omitted) (internal quotation marks and citation omitted).

In our notice of proposed summary disposition, we proposed to affirm on this issue because Defendant failed to provide any review of the evidence introduced at trial in support of conviction or any evidence or testimony he introduced in his defense. We noted that review of the record only indicates that Defendant fought with a few men and threatened Daniel Roses with two knives. [RP 16, 67] We further observed that it is Defendant's burden as the appellant to provide this Court with a recitation of the facts necessary to evaluate his appeal, and that Defendant failed to meet this burden. *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement shall contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (stating that counsel must set out all relevant facts in the docketing statement). Given that we had no information about the evidence and testimony introduced at trial, we could not analyze whether Defendant may have been entitled to an instruction on disorderly conduct. We thus invited

Defendant to inform us of the evidence and testimony introduced at trial and explain how this evidence could be reasonably viewed as supporting a conviction for disorderly conduct as the highest degree of crime committed.

In his memorandum in opposition, Defendant sets out general statements of law relevant to the issue of whether a crime can be considered a lesser included offense to another crime. [MIO 5-6] He then claims that he could not have committed aggravated assault with a deadly weapon without also committing disorderly conduct. [MIO 6] While this may be true, it merely establishes that disorderly conduct is a lesser-included offense to the crime of aggravated assault with a deadly weapon. However, as previously stated, Defendant is not entitled to an instruction on disorderly conduct as a lesser included offense unless there was some evidence in the record that could support a finding that disorderly conduct "is the highest degree of crime committed." *Brown*, 1998-NMSC-037, ¶ 12 (internal quotation marks and citation omitted). Given that Defendant had failed to provide this Court with any indication of whether the evidence introduced at trial could establish that disorderly conduct was the highest degree of crime committed, we affirm on this issue. *See State v. Gaitan*, 2002-NMSC-007, ¶¶ 15-24, 131 N.M. 758, 42 P.3d 1207 (holding that the defendant was not entitled to an instruction on involuntary manslaughter as a lesser included offense to second degree murder and voluntary manslaughter because there was "no

reasonable view of the evidence, pursuant to which involuntary manslaughter is the highest degree of crime [committed]").

**CONCLUSION**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**


_____

**ROBERT E. ROBLES, Judge**


_____

**LINDA M. VANZI, Judge**

6