This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41957**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DARIAN SUMMERS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Efren A. Cortez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals his convictions. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. After due consideration, we remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}** In his memorandum in opposition, Defendant abandons all issues except his argument that the district court denied him his right to a neutral and impartial jury by

limiting the scope of voir dire. [MIO 1-5] *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned). Specifically, Defendant argues that the district court erred in precluding him from questioning prospective jurors on whether they would hold it against Defendant if he failed to take the stand and testify on his own behalf. [MIO 2]

{3}     District courts are given broad discretion in overseeing the voir dire process, including placing restrictions on its scope. *State v. Martinez*, 2002-NMCA-036, ¶ 31, 131 N.M. 746, 42 P.3d 851; *see also State v. Sosa*, 1997-NMSC-032, ¶ 14, 123 N.M. 564, 943 P.2d 1017 (observing that "courts are given broad discretion in limiting the scope of questioning during voir dire"), *abrogated on other grounds by State v. Porter*, 2020-NMSC-020, ¶ 7, 476 P.3d 1201. We will reverse only if a clear abuse of discretion by the district court in the conduct of voir dire resulted in prejudice to the defendant. *State v. Clark*, 1999-NMSC-035, ¶ 20, 128 N.M. 119, 990 P.2d 793.

{4}     In our notice of proposed summary affirmance [CN 2], we cited to *State v. Espinosa*, 1988-NMSC-050, ¶ 7, 107 N.M. 293, 756 P.2d 573, in which our Supreme Court recognized that a district court "does not abuse its discretion in refusing to allow defense counsel to question prospective jurors in propositions of law." On this basis, our Supreme Court held that the defendant was not denied due process of law by the district court's refusal to allow voir dire of the jury pool regarding their views on his not taking the stand and testifying. *Id.* ¶¶ 7-8. We proposed to hold that, under *Espinosa*, the district court did not abuse its discretion in limiting voir dire into the same subject in this case. *See id.*

{5}     We also noted that the jury in this case was given UJI 14-5031 NMRA, which instructs jurors to "not draw any inference of guilt from the fact that the defendant did not testify in this case." [CN 3] We presume that the jurors followed the instructions given. *See State v. Dombos*, 2008-NMCA-035, ¶ 20, 143 N.M. 668, 180 P.3d 675. Finally, we noted that Defendant had not explained how any limitations on voir dire impacted his ability to select an impartial jury. *See State v. Martinez*, 1983-NMSC-018, ¶ 10, 99 N.M. 353, 658 P.2d 428 ("As a reviewing court, we are bound by law which states that the extent of voir dire is left to the sound discretion of the trial court and limited only by the essential demands of fairness."); *see also State v. Brown*, 1977-NMCA-125, ¶ 4, 91 N.M. 320, 573 P.2d 675 ("The purpose of voir dire is to enable a defendant to obtain a fair and impartial jury.").

{6}     In his memorandum in opposition, Defendant argues that *Espinosa* should be overruled, contending that *Espinosa* incorrectly characterized the inquiry into whether a prospective juror would negatively view a defendant's decision to exercise their right not to testify under the Fifth Amendment as a question of law. [MIO 2-5] Defendant argues that the topic in fact implicates a question of fact. [MIO 2-3] Defendant also cites to several out-of-jurisdiction cases in which courts have held that inquiry into whether a prospective juror understands that a defendant's decision not to testify cannot be held against them is proper during voir dire. [MIO 4-5]

**{7}** However, as *Espinosa* is on point, we are required to follow it. *See generally State v. Boyse*, 2011-NMCA-113, ¶ 13, 150 N.M. 712, 265 P.3d 1285 (observing that "we are bound by Supreme Court precedent"); *Alexander v. Delgado*, 1973-NMSC-030, ¶¶ 8-10, 12, 14-15, 84 N.M. 717, 507 P.2d 778 (holding that the New Mexico Court of Appeals is bound by, and may not overrule or deviate from, New Mexico Supreme Court precedent). For these reasons, and those set out in our notice of proposed summary disposition, we affirm.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**